# IN THE MATTER OF THE ESTATE OF JEAN P. RICAUD, DECEASED.

DISTRIBUTION—ESTATES OF DECEASED PERSONS.—Where there is not an ascertained balance of assets in the hands of an administrator, or if the assets are merely claimed to exist, and the right to them is involved in litigation, the estate is not ready for distribution, and the Court has the power, in its discretion, to delay the distribution until the right to the assets is judicially determined, and the balance of assets for distribution is ascertained.

ESTATES OF DECEASED PERSONS — TRUST — SALE.—A trust or power to sell real estate should not be exercised while there is a cloud over the title affecting its value, or the land is held adversely.

APPEAL from an order in the Probate Court of the City and County of San Francisco. MYRICK, J.

The Court made an order denying a petition for the sale of real estate, and the petitioner appealed.

*H. A. Powell,* and *A. P. Needles,* for Appellant.

The pendency of the litigation was no hindrance to the sale or distribution of the property. The statute does not leave room for discretion.

*Jarboe & Harrison,* for Respondent.

To hold that the Court has no discretion in the premises would be to take away its character as the guardian of infants, absent heirs, and legatees, and to deprive it of all power to preserve the estate for their benefit.

McKEE, J.:

In September, 1879—nearly two years after the executors of this estate had qualified—the widow of the deceased, as one of the legatees, petitioned the Probate Court for an order authorizing the executors to sell, either at public or private sale, so much of the real property of the estate as the Court might judge necessary and beneficial for the purpose of paying to her a legacy of $5,000 bequeated to her by the will of the decedent. Opposition was made to the petition, and upon the issues framed the Court found, among other facts, that all debts and charges against the estate had been paid ; that the amount of expenses incurred and likely to be incurred in the administration was unknown; that all the personal assets had been disposed of, except the sum of $2,720, which was then in the hands of the executors ; that this sum was wholly insufficient to pay the expenses of the administration and the legacies bequeated to the widow and daughter of the decedent; and that a sale of the realty of the estate was necessary to pay them ; but all of the real estate claimed to be assets was involved in litigation by an action of ejectment, which had been commenced against the decedent in his lifetime, and had been pending against the executors since his death, and was still undisposed of ; therefore the Court held, the estate was not ready for distribution, and would not be until the action of ejectment was determined ; and a sale of the property should be delayed until the litigation concerning it was ended.

The judgment refusing an order of sale is complained of as an error, upon the ground that it is against the findings of fact and the law. It is contended, on behalf of the appellant, that the lower Court had no discretion to refuse the order of sale.

Whether a Probate Court is bound to decree a sale of assets of an estate for the payment of legacies depends upon the condition of the estate and of the property to be sold. If all debts and charges against the estate, including the expenses of administration, have been fully paid, and there is in the hands of the executor or administrator an ascertained balance of assets subject to distribution, the estate is ready for distribution, and distribution cannot be delayed. The Court " must " proceed to

make distribution. (§§ 1665, 1543, Code Civ. Proc.) The command of the law is, under such circumstances, peremptory. (*Estate of Pritchett*, 51 Cal. 568.)

But where there is not an ascertained balance of assets, real or personal, in the hands of the executor or administrator, or if the assets are merely claimed to exist, and the right to them is involved in litigation, either by an action brought by the executor or administrator to recover them *for* the estate, or by an action against the executor or administrator to recover them *from* the estate, then the estate is not ready for distribution. The very existence of the property as assets is uncertain, and contingent upon the determination of the suits. It may or may not belong to the estate. Under such circumstances an estate would not be ready for distribution, and the Probate Court would have power, in the exercise of judicial discretion, to delay the distribution of the estate until the right to the assets be judicially determined, and the balance of assets for distribution be ascertained.

According to the principles of a court of chancery, a trust or power to sell real estate should not be exercised while there is a cloud over the title affecting its value, or the land is held adversely. (*Peck* v. *Peck*, 9 Yerg. 304.) And payment of a legacy would not be decreed until the Court discovered, by an account or otherwise, that the executor had actually in hand sufficient assets, real or personal, to pay the legacy. (*Andrews* v. *Hunneman*, 6 Pick. 128.) Nor was an action maintainable at common law for a legacy, unless the executor had expressly promised to pay it, or there was proved to be a sufficiency of assets actually in hand for its payment. (*Deeks* v. *Strutt*, 5 Term Rep. 690; *Atkins* v. *Hill*, 1 Cowp. 284.)

It follows that this estate was not in a condition to be distributed, and that the Court below did not err in delaying a distribution until a determination of the suit pending against the estate.

Order affirmed.

McKINSTRY, J., and Ross, J., concurred.