[S. F. No. 7592. In Bank.—December 27, 1916.]

## ARTURO WOLF et al., Appellants, v. CHAS. FUNKEN-STEIN GALL et al., Respondents.

PROHIBITIVE INJUNCTION—APPEAL—OPERATION NOT STAYED.—An appeal does not stay the force of a prohibitive injunction, and the lower court has full power to punish a violation of such injunction pending the appeal.

ID.—MANDATORY INJUNCTION—STAY PENDING APPEAL.—Mandatory injunctions are suspended and rendered inoperative pending appeal.

ID.—QUIETING TITLE—DECREE—PROVISION ENJOINING FURTHER CLAIM TO PROPERTY— APPEAL — INJUNCTIVE PROVISION NOT STAYED — COMMENCEMENT OF NEW ACTION—CONTEMPT OF COURT.—In an action to quiet title, a provision in the judgment, declaring the defendants to be the owners of the property and enjoining the plaintiffs from making any claim thereto, is not suspended or rendered inoperative by appeal from the judgment, for the injunctive provision is purely prohibitive and not mandatory, and is not in fact incidental to the main relief sought, but is a substantial and inherent part of the relief itself; and the institution of a new action in violation of the terms of the injunction is a contempt of court.

ID.—QUIETING TITLE—PURPOSE OF ACTION.—The action to quiet title is a development of the bill of peace of the court of chancery, the main purpose of which was to prevent repeated attempts to litigate a title, and to protect the real owner of the right against the annoyance and expense incidental to a multiplicity of suits.

ID.—FORM OF JUDGMENT—INJUNCTION.—In an action to quiet title, a decree declaring that the plaintiff is the owner of the property, and enjoining the defendant from further setting up a claim thereto, is a proper form of judgment.

ID.—STATUTE OF LIMITATIONS—INJUNCTION.—The statute of limitations does not run during the period when the commencement of an action is stayed by injunction.

APPLICATION for a Writ of Supersedeas.

The facts are stated in the opinion of the court.

Theodore A. Bell, and Denson, Cooley & Denson, for Petitioners.

J. R. Pringle, Leon Samuels, and Edgar D. Peixotto, for Respondents.

SLOSS, J.—Pending an appeal from the judgment in the above-entitled cause, the superior court undertook to punish Arturo Wolf, one of the plaintiffs, and his attorneys, Messrs. George Lezinsky and Theodore A. Bell, for contempt of court. The alleged contempt consisted of the institution of a new action, in violation of the terms of an injunction embodied in the judgment from which the appeal had been taken. The present proceeding is an order, issued on the application of Arturo Wolf, to show cause why a writ of *supersedeas* should not issue to prevent the enforcement of said judgment.

The action of *Wolf* v. *Gall* was brought to quiet title to certain property in the city and county of San Francisco. All of the parties claim under Tobe Funkenstein, deceased. The plaintiffs, Arturo Wolf and Maria Julia Wolf, assert ownership of an interest in the property as heirs of said Tobe Funkenstein. The defendants, also heirs of the decedent, claim ownership of the property by virtue of a deed alleged to have been executed to them by said Tobe Funkenstein in her lifetime.

The court found that the plaintiffs and defendants were the heirs of Tobe Funkenstein, but that said decedent was not the owner of the property at the time of her death, she having conveyed the same to the defendants as tenants in common. The title to the property was found to be in the defendants. The judgment, following the findings, declares that the defendants are the owners in fee simple of the property in dispute, and that the plaintiffs have no right, title, or interest therein. It is further adjudged and decreed that the plaintiffs and all persons claiming under them be perpetually restrained and enjoined from making any claim to the property involved in the action.

The judgment was entered on August 7, 1914. On October 9, 1914, plaintiffs took an appeal therefrom to this court. The appeal is still pending.

On January 17, 1916, Arturo Wolf, by his said attorneys, Theodore A. Bell and George Lezinsky, commenced in the superior court a new action against the same defendants and their successors. In his complaint he alleged that he was an heir of Tobe Funkenstein, and that she was at the time of her death the owner of the same property involved in the present action. By said complaint he assailed the validity of the

deed of December 21, 1907, which is the basis of the title claimed by the defendants.

The commencement of this second action constitutes the contempt found to have been committed by the petitioner and his attorneys.

That the institution of the second action is in direct disobedience of the terms of the injunction embraced in the judgment is neither questioned nor open to question. It is equally clear that Wolf's attorneys, who, as it appears, had knowledge of the terms of the judgment, are liable, equally with their client, for the commission of any act forbidden by said judgment.

The sole question is whether the provision enjoining the plaintiffs is suspended or rendered inoperative by virtue of the pendency of an appeal from the judgment.

It is conceded on all sides that the injunction under discussion is purely prohibitive. By a line of decisions beginning with the early history of the state, the rule has been settled that an appeal does not stay the force of a prohibitive injunction, and that the lower court has full power to punish a violation of such injunction pending the appeal. (*Merced Min. Co.* v. *Fremont*, 7 Cal. 130; *Heinlen* v. *Cross*, 63 Cal. 44; *United Railroads of S. F.* v. *Superior Court of San Francisco*, 172 Cal. 80, [155 Pac. 463].) It is otherwise where the injunction is mandatory. The reason for this distinction is found in the inherent nature of an order which merely restrains or prohibits affirmative action. An appeal can operate as a *supersedeas* or stay only by arresting the enforcement by the court below of the judgment appealed from. (*Dulin* v. *Pacific Wood & C. Co.*, 98 Cal. 304, [33 Pac. 123].) A prohibitive injunction requires no execution for its enforcement. It acts "directly without process upon the defendant." (*Heinlen* v. *Cross*, 63 Cal. 44.) In the case of a mandatory injunction, on the other hand, the contempt proceeding is a kind of process to carry into execution the affirmative command embodied in the judgment.

With respect to the effect of an appeal there are, then, two classes of injunctions: (a) prohibitive injunctions, which remain operative and must be obeyed notwithstanding an appeal, and (b) mandatory injunctions, which are suspended and rendered inoperative by the appeal. The petitioner contends, however, for the recognition of a third class, viz., in-

junctions which, although prohibitive, are "incidental," and these, it is claimed, are taken out of the settled rule governing the effect of an appeal from a prohibitive injunction and are given the characteristics of a mandatory injunction. The injunction in the case at bar is asserted to be merely incidental to so much of the decree as declares that the defendants are the owners of the property. We think the supposed distinction between "incidental" and other prohibitive injunctions is without the support of either authority or principle. The argument is rested in the main upon one or two sentences taken from the opinion in *Foster* v. *Superior Court*, 115 Cal. 279, [47 Pac. 58]. It is true that it was there said that the injunction was merely incidental to the judgment determining Smith's right to act as a director, but the very next passage in the opinion declares that the injunction, although couched in terms of prohibition, was in effect mandatory. If the injunction was mandatory, its effect was of course stayed by an appeal, and the description of it as "incidental" was at once unnecessary to the decision and insufficient for its support. The case has been cited in this court to support the proposition that a mandatory injunction is suspended by an appeal (*Clute* v. *Superior Court*, 155 Cal. 15, [132 Am. St. Rep. 54, 99 Pac. 362], *United Railroads of S. F.* v. *Superior Court*, 172 Cal. 80, [155 Pac. 463]), and has generally been regarded as resting on the ground that the injunction there in question was mandatory. In *Mark* v. *Superior Court*, 129 Cal. 1, [61 Pac. 436], a case cited by petitioner, the word "incidental" is also used in discussing the question whether a part of an injunctive order was stayed by an appeal. But in that case the judgment was an entirety, and the portion claimed to be prohibitive was not separable from the remainder, which was plainly mandatory. A careful reading of the entire opinion shows that the court regarded both branches of the injunction as being in reality mandatory. Neither of these cases therefore should be regarded as authority for the view that the operative effect of a strictly prohibitive injunction can, in any case, be stayed by appeal. And, if the true ground for upholding the power of the trial court to enforce a prohibitive injunction pending an appeal be that such injunction requires no process for its enforcement, it can, in principle, make no difference whether the injunction constitutes the main relief sought or is merely inci-

dental thereto. Probably most injunctions, especially those granted *pendente lite,* are incidental to the protection, declaration, or establishment of some disputed property right. The rule that a prohibitive injunction is, and that a mandatory injunction is not, enforceable pending an appeal is simple and logical, though not perhaps always easy to apply. The recognition of an additional distinction between different kinds of prohibitive injunctions would bring new difficulties and complications into a situation which has come to be well understood in our practice. It is not apparent that any substantial benefit would be accomplished. In the present case, for example, the practical effect of accepting petitioners' claim would merely be to multiply litigation over an issue which might, and should, be finally determined in the action already pending on appeal.

Furthermore, the injunction here granted was not in fact incidental to the main relief sought. It was a substantial and inherent part of the relief. The plaintiffs and defendants were seeking to have title quieted against each other. The action to quiet title, under our practice, is a development of the bill of peace of the court of chancery. The main purpose of this proceeding was to prevent repeated attempts to litigate a title, and to protect the real owner of the right against the annoyance and expense incidental to a multiplicity of suits. It was upon these considerations that the court of chancery "has granted perpetual injunctions to restrain further litigation, and thus has in some degree put that restraint upon litigation which was the policy of the ancient law in real actions." (1 Pomeroy's Equity Jurisprudence, 3d ed., sec. 248.) "The obvious design of such a bill," says Story (2 Equity Jurisprudence, 13th ed., sec. 853), "is to procure repose from perpetual litigation, and therefore it is justly called a bill of peace. . . . The obvious ground of the jurisdiction of courts of equity in cases of this sort is to suppress useless litigation and to prevent multiplicity of suits."

Certain restrictions upon the maintenance of such suits have been removed by statutory provisions like those embodied in section 254 of the Practice Act, in force before the enactment of the codes, and the similar but somewhat broader provisions of section 738 of the Code of Civil Procedure. The nature and purpose of the statutory action are, however, essentially the same as those of the old bill of peace. (*Curtis*

v. *Sutter*, 15 Cal. 259; *Angus* v. *Craven*, 132 Cal. 691, [64 Pac. 1091].) In *Curtis* v. *Sutter*, *supra*, the court, speaking through Field, C. J., says that "there is no difficulty in so conducting a suit, under the statute, as to fully protect the legal rights of the parties, and at the same time to secure the beneficial result afforded by a court of equity in bills of peace—which is repose from further litigation." The plain and direct manner of giving this repose is by enjoining the defeated parties from asserting a hostile claim. Such injunction is in no sense incidental to the relief sought. It is an inherent part of the relief itself. The judgment in an action for the quieting of title need not, to be sure, take the form of an injunction. The relief awarded may vary according to the circumstances of the case. (17 Ency. Pl. & Pr. 363.) But a decree like the one in the case before us, declaring that the plaintiff is the owner of the property and enjoining the defendant from further setting up a claim thereto, is a proper form of judgment. (*Brooks* v. *Calderwood*, 34 Cal. 563.) The injunction was a legitimate part of the relief granted, and the court below is authorized to enforce obedience to it pending the appeal.

To the suggestion that the plaintiff may lose valuable rights by being restrained from commencing actions which, if the judgment should be reversed, they will appear to have been entitled to bring, it may be answered that their position will not be impaired by the lapse of time. The statute of limitations does not run during the period when the commencement of an action is stayed by injunction. (Code Civ. Proc., sec. 356.)

The order to show cause is discharged.

Shaw, J., Henshaw, J., Melvin, J., and Lawlor, J., concurred.

ANGELLOTTI, C. J., Dissenting.—I dissent.

The facts are fairly stated in the prevailing opinion.

The real question presented is whether the provision of the judgment enjoining the plaintiffs from making any claim to the property involved in the action is in force and operative pending the appeal taken from the whole judgment, which judgment, by reason of such appeal, is not as yet final. The claim of defendants that it is so operative and in force, notwithstanding the appeal, is based upon the settled doctrine of

this court that an appeal does not stay the force of a prohibitory injunction. The question whether this is the situation when the prohibitory order is simply a part, as here, of an ordinary judgment quieting title in an action brought under section 738 of the Code of Civil Procedure, to determine adverse claims to real estate, has never been squarely decided by this court. It was expressly eliminated from consideration in *Lake* v. *Superior Court,* 165 Cal. 182, 188 [131 Pac. 371]. There is no suggestion that there was any foundation in the pleadings for injunctive relief other than the allegations of title. The character of an injunctive portion of a judgment in such a case has been referred to in several cases. The propriety at all of such an injunctive provision in a decree in an action to quiet title has been questioned, but it is settled that it is entirely proper for the reasons hereinafter referred to. In *Brooks* v. *Calderwood,* 34 Cal. 563, 566, it was said: "The very object of the suit was to determine whether the defendants *had any just claim or title to the premises as against plaintiff,* and settle the question forever. The court has determined that they have none, and we see no reason why it may not make its judgment effectual by restraining the defendants from further setting up *a false claim. It has been judicially determined that defendants have no just claim, estate, or interest in* a portion of the land, and as to that portion there is no reason why the plaintiff should be permitted to be further harassed by them." The italics are ours. Again, in *Kittle* v. *Bellegarde,* 86 Cal. 556, [25 Pac. 55], in reply to the objection that in such an action an injunctive provision against executing deeds in pursuance of a certificate of sale was inappropriate and unwarranted, it was said: "The injunction was merely ancillary to the principal relief, and was proper, if necessary to *make that relief effectual.*" Again the italics are ours. And in *Lake* v. *Superior Court,* 165 Cal. 182, at page 191, [131 Pac. 371], it was substantially said that the injunctive provision to enforce the rights adjudicated in the judgment was both permissible and proper.

The idea clearly appears to be that in such actions the real and substantial object is to determine the title, and the injunctive provision is designed solely to enforce the rights *determined by the judgment as to title,* and can have no other effect. Its whole basis is the judgment in regard to title, it

must stand or fall with that judgment, and it would seem necessarily that its effect must be suspended by anything that suspends the effect of the judgment as to title. To enforce it by contempt proceedings pending an appeal from that judgment is in effect to enforce the provisions of the judgment as to title while the same remains absolutely ineffectual by reason of the appeal. In view of the pending appeal we have no final adjudication as to title as yet. The matter is still *sub judice.* I am unable to see that the case of *Foster* v. *Superior Court,* 115 Cal. 279, [47 Pac. 58], is not absolutely in point in principle. There was a contest of an election for directors of a corporation between two persons. It was determined by the superior court that Smith was elected, and the judgment so declaring also enjoined the other directors from interfering with Smith in the exercise of his office as such director. An appeal having been taken from the judgment, Foster, one of the other directors, excluded Smith from participation in a meeting of the directors, and was adjudged guilty of contempt for so doing. On *certiorari* proceedings, this court said: ''The action of the superior court in the present case was a proceeding 'upon the judgment' from which the appeal had been taken, and was instituted.for the purpose of enforcing a compliance therewith. . . . The injunction, in the judgment, against the interference with Smith's right to act as a director was but ancillary to the judgment determining that he had such right, and was merely incidental thereto. . . . As that portion of the judgment declaring that Smith was elected was suspended by the appeal, the injunctive portion of the judgment, being merely incidental thereto, was also suspended, and the power of the court to enforce any portion of its judgment by inflicting punishment for its violation was stayed. An enforcement of this portion of the judgment would operate to carry the decree into effect.'' It is true that it was also said that the injunction was, in effect, mandatory, but there can be no question as to the views of the court to the effect that it was suspended by the appeal from the judgment regardless of whether it was mandatory or prohibitory.

My conclusion in no degree infringes the rule that an appeal does not stay the force of a prohibitory injunction. What I have said shows the distinction between the cases in which it has been so held, and such cases as this. The only prohibi-

tory relief here given is that deemed essential to make the *decree as to title* when it shall have become final broad enough to accomplish its object and fully protect those in whose favor it was given.    It rests on no other foundation than the *decree as to title,* and is an inseparable part and incident of that decree.

To my mind it is entirely clear that enforcement of the provision of the judgment enjoining the plaintiffs from making any claim to the property involved in the action is stayed by the appeal from the judgment, and that plaintiffs are entitled to a writ of *supersedeas* as prayed.    Were it not for the fact that so many of my learned associates have come to a different conclusion, I would say that this is so clear as not to admit of question.

Lorigan, J., concurred.

Rehearing denied.