576

[Civ. No. 5338. Third Appellate District.—May 3, 1935.]

WILLIAM J. TAYLOR, as Executor, etc., Respondent, v.
FRED B. HAWLEY et al., Appellants.

Lamb & Lamb for Appellants.

Henry Grivi, as *Amicus Curiae* on Behalf of Appellants.

George F. Kapp and L. D. Uhlman for Respondent.

THOMPSON, J.—Since the commencement of this action the interest of the original plaintiffs in the property in litigation was transferred to Jacob George, who subsequently died. Upon proceedings duly had William J. Taylor was ap-

pointed and qualified as executor of the estate of Jacob George, deceased. William J. Taylor, as such executor, has been substituted as plaintiff. This appeal will therefore be determined in the name of *William J. Taylor, as Executor of the Estate of Jacob George, Deceased,* v. *Fred B. Hawley and Elsie J. Hawley, Husband and Wife.*

The defendants have appealed from a judgment which was rendered against them in a suit to quiet title to a Long Beach lot. The appellants contend that the findings and judgment are not supported by the evidence and that the court erred in refusing them a trial by jury.

The defendants were the owners of lot 17 of Anderson tract of the city of Long Beach. August 14, 1929, the defendants borrowed from the Golden State Bond and Mortgage Company, Ltd., the sum of $11,000, executing and delivering a trust deed upon the lot in question to secure the loan. Subsequently the defendants defaulted in payments of money secured by the terms of the trust deed. Upon giving notice therefor pursuant to the terms of the trust deed the property was sold by the trustees to the Golden State Bond and Mortgage Company, Ltd., for the sum of $5,000, and the purchaser thereupon took possession of the property. Claiming that possession of the property had been obtained by the mortgage company by fraud, and that the mortgage sale of the property was void for lack of legal notice thereof, and for lack of adequate consideration, the defendants instituted suit and threatened to take forcible possession of the property from the purchaser thereof. Jeannie D. Carlin was appointed and qualified as receiver of the mortgage company, and this suit to quiet title to lot 17 of the Anderson tract of Long Beach was then commenced. The complaint also asks that the defendants be enjoined from forcibly ousting the plaintiff from possession of the property, as they had threatened to do, and from otherwise interfering with her lawful possession by the instituting of a multiplicity of annoying suits. The defendants filed an answer to the complaint, denying the material allegations thereof, and also filed a cross-complaint setting up as an affirmative defense to the suit to quiet title the alleged fraud, lack of notice of foreclosure sale, failure to deliver the deed of conveyance and inadequacy of consideration, rendering the sale void. The cause was tried by the court sitting without a jury. The court adopted findings

favorable to the plaintiff on all the material issues. The court specifically found that the mortgage sale of the property was legally made upon adequate notice therefor; that the plaintiff was not guilty of fraud with relation thereto; that the purchase price was adequate; that the deed of conveyance was duly delivered and that the plaintiff is the owner and entitled to the possession of the property. A judgment was accordingly rendered quieting title to the lot in question in plaintiff and enjoining the defendants from interfering with plaintiff's peaceable possession thereof by maintaining litigation with relation thereto or otherwise. From that judgment the defendants have appealed.

The appeal is brought to this court upon a bill of exceptions which does not purport to include all of the evidence which was adduced at the trial. The certificate of the trial judge settling the bill of exceptions reads as follows: "The foregoing bill of exceptions was prepared within the time allowed by law, and as extended by order of the court, *and sets forth enough of the proceedings had during the trial of said cause and an abbreviated abstract of the evidence offered therein,* and is this 5th day of April, 1933, settled and allowed as corrected."

The appellants contend that they were entitled to a trial by jury. We think not. This is a suit to quiet title to real property, the possession of which was conceded to be in the plaintiff by virtue of a deed of conveyance. The cross-complaint sets up affirmative equitable defenses, including fraud, lack of adequate consideration and other alleged reasons for setting aside the deed to the property as void. This is therefore essentially a case in equity, in the trial of which the parties were not entitled to a jury. (*Cobe* v. *Crane,* 173 Cal. 116 [159 Pac. 587]; *Holland* v. *Kelly,* 177 Cal. 43 [169 Pac. 1000]; *Rocha* v. *Rocha,* 197 Cal. 396 [240 Pac. 1010]; 22 Cal. Jur. 178, sec. 50.) Moreover, the defendants waived their claim of right to a trial by jury by failing to demand a jury when the case was set for trial, or at all. (Sec. 631, Code Civ. Proc.; 15 Cal. Jur. 345, sec. 19.) The record does not show that the defendants ever demanded a trial by jury in this action. It does appear that the defendants had previously commenced another suit involving similar issues, which case was still pending at the time of the trial of this action. The appellants contend they were deprived of a jury trial in that other action by the

injunction which was issued in this case restraining them from maintaining or prosecuting the former action or interfering with the plaintiff's title and right of possession. The pending of the former suit was not set up by the defendants in this case as it might have been alleged (22 Cal. Jur. 127, sec. 16) as a bar to this action. Moreover, the defendants had an opportunity of pleading in this case all of the affirmative matter which appeared in the former action so as to raise the same issues which were therein contained. In fact, we understand that all of the same issues which were presented in the former case were also included in the issues of this cause. The appellants were not entitled to a jury trial in this case.

█ The court did not err in directing the issuing of an injunction in this case restraining the defendants from interfering with the plaintiff's title and right of possession by maintaining litigation or otherwise. (*Wolf* v. *Gall*, 174 Cal. 140 [162 Pac. 115]; 22 Cal. Jur. 133, sec. 20.) Injunctive relief incident to a decree quieting title is an ancient remedy growing out of what has been termed the "bill of peace in a court of chancery". It is a proper inherent remedy to terminate expensive and troublesome interference with the ownership and right of possession of property by one who has been regularly determined by a court of equity to be entitled thereto. Our statute authorizes the issuing of an injunction "to prevent a multiplicity of judicial proceedings". (Sec. 526, subd. 6, Code Civ. Proc.)

█ The appellants assert that the court's finding that the notice of sale of the property under the trust deed was duly posted pursuant to the terms thereof for the time required and in a "conspicuous place" on the property is not supported by the evidence. We are of the opinion this point is not well taken. The settled bill of exceptions does recite that a witness testified "that the Notice of Trustee's sale was posted on the premises involved and where it was posted". In support of the finding of the court and the judgment, we may not assume that this notice was hidden away in some inconspicuous place. In support of the finding in question we must assume that the evidence adequately shows that the notice was posted in a "conspicuous place" on the premises, particularly since the bill of exceptions does not purport to recite all of the evidence which was adduced at the trial. The certificate of the trial judge which was

attached to the bill of exceptions merely states that it "sets forth *enough of the proceedings* had during the trial of said cause and *an abbreviated abstract of the evidence* offered therein". ■ Every intendment is in favor of the findings, decision and judgment, and in the absence of a complete record of the testimony adduced at the trial, it will be presumed the omitted evidence amply supports the determination of the court. (*Coleman* v. *Farwell*, 206 Cal. 740 [276 Pac. 335]; *In re Silva,* 213 Cal. 446 [2 Pac. (2d) 341]; 2 Cal. Jur. 877, sec. 514.)

■ It is asserted that the finding of the court "that the amount for which said property was sold, to-wit, five thousand dollars ($5,000.00) is not an inadequate consideration", is not supported by the evidence. There is no merit in this contention. The bill of exceptions shows that D. B. Carlin, president of the Golden State Bond and Mortgage Company, testified that "the said trustee sold the said property to the Golden State Bond & Mortgage Company for five thousand dollars ($5,000.00) and that five thousand dollars ($5,000.00) *was an adequate price".*

■ There is ample evidence of the delivery of the trustees' deed of conveyance of the property to the plaintiff. The asserted failure to deliver the deed was not an issue under the pleadings. The complaint alleges that the plaintiff is the owner and in possession of the property, and demands that the defendants "be required to set forth the nature of their claim and/or interest in and to said property". The cross-complaint of the defendants alleges: "That pursuant to said notice of sale, the . . . Trustee in said deed of trust caused the said property to be sold for the sum of Five Thousand Dollars ($5,000.00), *and pursuant to said sale issued a trustee's deed to the Golden State Bond & Mortgage Co.* as purchaser at said sale." The trust deed appears in the record on appeal to have been duly recorded. The pleadings do not intimate a lack of delivery of the deed. The foregoing allegation of the cross-complaint clearly infers that the deed was delivered. The only allegation of the defendants with relation to the last-mentioned subject is that the purchase price of the property is inadequate and that it was not credited upon the promissory notes which represent the indebtedness of the defendants. But the court found in that regard that the failure to credit the amount of the purchase price "was a mere oversight", and the clerk of

the court was directed to credit the $5,000 upon the notes of the defendants. The record adequately supports this finding.

We find no real merit in any of the contentions of the defendants on this appeal.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 1, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1935.