[Civ. No. 14485. Second Dist., Div. Three. Jan. 17, 1945.]

NADA TRUSCOTT WELLBORN, Respondent, v. CHARLES WELLBORN et al., Defendants; BARRY SULLIVAN, Appellant.

Barry Sullivan, in pro. per., for Appellant.

Lorrin Andrews and W. S. Weatherwax for Respondent.

SHINN, J.—This is an appeal by Barry Sullivan, one of the defendants, from a temporary injunction restraining him, pending the trial of the instant action in the superior court, from causing to be tried three certain actions which had been instituted by him and others in the justice's court.

The complaint is not in the record but the parties agree that the action is one to determine title and the right of possession of real property, improved with a dwelling house, and for an accounting of rents collected therefrom by the defendants. The litigation over the property has quite a history, which is related in the affidavits and counteraffidavits upon which the court based the restraining order. It appears therefrom that in November, 1939, plaintiff obtained an annulment of her marriage to Charles Wellborn by judgment which also declared her to be the owner of the property in question and awarded Charles Wellborn a lien upon it for $1,250. There was no personal judgment for the amount and no provision in the judgment for its collection by foreclosure or otherwise. Charles Wellborn caused execution to be issued, the property to be sold, and bid it in for $1,000. Plaintiff herein made a motion to vacate the writ of execution and the sale, the motion was denied, and the order was reversed on appeal, the writ and the sale being held void (*Wellborn* v. *Wellborn* (1942), 55 Cal.App.2d 516 [131 P.2d 48]). Following this reversal the superior court made an order quashing the execution and vacating the sale pursuant to the holding on appeal that they were void. Prior to the reversal Charles Wellborn instituted an action of unlawful detainer in the justice's court against Mary Knight and E. D. Toole, tenants of plaintiff in the property. Plaintiff filed an answer in the case, apparently upon the theory that she was the Jane Doe named in the complaint, but her answer was stricken out and judgment went in favor of Charles Wellborn, a writ of possession was issued, and Charles Wellborn, Barry Sullivan, D. E. McGregor and

S. A. Sullivan took possession of the property and collected rents therefrom. The three newcomers had acquired all or a part of the interest of Charles Wellborn in the property, such as it was. Plaintiff then took up her residence on the property and entered into written leases with Mr. and Mrs. E. V. Morrison and Mr. and Mrs. Earl Brokow. It was stated in the affidavit of Barry Sullivan that he, S. A. Sullivan and McGregor also entered into agreements to rent the premises to Mr. and Mrs. Morrison and Mr. and Mrs. Brokow and that they had been collecting rents thereunder. After the sale to Charles Wellborn had been declared void, the two Sullivans and McGregor brought three unlawful detainer actions, two against Earl Brokow and wife and one against E. V. Morrison and wife. These actions were about to be tried at the time the temporary injunction was issued (December 6, 1943) restraining the trial of the actions until the present action should be tried. Apparently it has not been tried, although it could have been disposed of in far less time than has been required for the disposition of the appeal. The fact that Barry Sullivan has taken the present appeal, instead of going to trial in the superior court, and has thereby delayed the trial of the action on the merits is worthy of notice, in view of the fact that the injunction in question was issued under the equitable power of the court to try in a single action the issues involved in a multitude of actions at law, in order to put an end to unnecessary and vexatious litigation.

Aside from the citation of authority upon well established but irrelevant principles of law, appellant's entire argument in his opening brief (no reply brief having been filed) is as follows: "The order violates the Constitution of the United States (United States Constitutional Amendment 14) in this that the Supreme [sic] Court restrains appellant from prosecuting or defending his right to the Justice Court, but does not restrain Brokow or Morrison from rendering judgment against plaintiff in the Justice Court and in favor of Brokow or Morrison or both, pending the hearing of this case the Justice Court judgment would become final and appellant deprived of his right." No doubt this argument was made to the trial judge as a reason why he should exercise his discretion by a denial of the application for an injunction, but it presents no question of law. A ruling which is purely discretionary with the trial judge will not be reversed on appeal if there has been no abuse of discretion. (See cases cited 14

Cal.Jur. p. 180, § 7.) The facts in evidence called for an injunction, if the law permitted one.

 The appeal necessarily involves a question of law, although it has not been raised by appellant. The question is whether the facts stated in the affidavits were sufficient in law to justify a temporary injunction. Although appellant has not attempted to answer the question, we shall answer it, inasmuch as the trial court will have to decide whether the temporary injunction will be made permanent.

The complaint must be deemed to have been broad enough to place all the pertinent facts before the court. Plaintiff herein had a judgment against Charles Wellborn establishing her title to the property. The subsequent execution sale under which Charles Wellborn claimed title has been held void. Barry Sullivan was Charles Wellborn's attorney throughout that litigation and also in the unlawful detainer action in which judgment was given in favor of Charles Wellborn against Mary Knight and E. D. Toole for possession of the property. He had actual knowledge of the proceedings to vacate the execution and the sale; he and S. A. Sullivan and McGregor call themselves successors of Charles Wellborn in the ownership of the property but they alleged no facts, in opposing the application for an injunction, to prove that they had any title, that they paid anything for the interests which they claim, or that they acted without notice or in good faith in acquiring such interests, whatever they may have been. They alleged no facts in denial of plaintiff's title and none tending to prove that they had a right to the possession or to the income. They did not deny that the occupants of the premises were plaintiff's tenants; they alleged only that the same tenants had agreed to pay and had paid rent to them. From the affidavits it would appear that the defendants were claiming the right of possession and were collecting rents solely through the void execution sale to Charles Wellborn and without any right whatsoever. Upon the evidence which was before the court they appeared as mere interlopers who had been collecting rents from plaintiff's tenants and were seeking to oust them. If they had succeeded in their unlawful detainer actions they would have had judgment for possession as against the tenants without any adjudication of their right to possession as between themselves and plaintiff, Nada Wellborn. It appeared that the tenants were being

harassed by groundless litigation, to their detriment and to that of plaintiff.

A judgment in the superior court action would determine the right to possession and to the rentals as between plaintiff and the Sullivans and McGregor. It would have been unjust to allow the tenants to be ousted when they held leases from the true owner, but they might not have been able to defend the actions upon that ground. It would be strange indeed if a court of equity did not have the power under these circumstances to bring in the Sullivans and McGregor and require them to prove their rights, if any, to the land, to the possession of it, and to the rentals and by a single judgment determine not only the issues of the justice's court actions but the main issues that could not have been tried in those actions.

In Pomeroy's Equity Jurisprudence, fifth edition, volume 1, page 461, et seq., there are listed four conditions in which equity jurisdiction may be exercised to prevent a multiplicity of suits. One of these is stated as follows: "2. Where the dispute is between two individuals, A and B, and B institutes or is about to institute a number of actions either successively or simultaneously against A, all depending upon the same legal questions and similar issues of fact, and A by a single equitable suit seeks to bring them all within the scope and effect of one judicial determination. A familiar example of one branch of this class is the case where B has brought repeated actions of ejectment to recover the same tract of land in A's possession, and A finally resorts to a suit in equity by which his own title is finally established and quieted, and all further actions of ejectment by B are enjoined." The various unlawful detainer actions against plaintiff's tenants were indirectly against plaintiff. They were the more vexatious from the fact that plaintiff was not in a position to defend them. The basic controversy was not within the jurisdiction of the justice's court and it was proper to stay the hand of that court until the question of title had been decided as between plaintiff and the defendants herein.

■ The injunction was proper for another reason. Plaintiff's title had been established in the original action against Charles Wellborn. That judgment was conclusive as to the defendants Sullivan and McGregor, who claimed an interest acquired subsequent to the judgment, provided they had notice, actual or constructive, of the pendency of the suit. (Code Civ. Proc., § 1908.) It appeared that plaintiff was in posses-

sion through her tenants, which would constitute notice of her rights, and defendants alleged no facts to show that they were bona fide purchasers from Charles Wellborn. If, therefore, the court in the present action should determine that the Sullivans and McGregor are bound by the judgment in favor of plaintiff establishing her title as against Charles Wellborn, it would be proper to enjoin said defendants permanently from bringing to trial their unlawful detainer actions. Equity will enjoin repeated attacks upon a title that has been settled by judgment which is conclusive as to the parties and as to the issues sought to be retried. See Pomeroy's Equity Jurisprudence, *supra*, section 253, page 501. The order of temporary injunction was in conformity with established practice under which courts of equity act to prevent a multiplicity of suits.

The order is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.