114 Cal.App.2d 468 (1952)
250 P.2d 266
Estate of GRIFFIN W. WILSON, Deceased.
JOSEPH E. BREWER et al., Respondents,
v.
GLADYS KING, as Administratrix With Will Annexed, etc., Appellant.
Docket No. 19114.
Court of Appeals of California, Second District, Division One.
November 28, 1952.
*469 Cuthbert J. Scott and Benjamin D. Brown for Appellant.
Walter G. Danielson and Garvin F. Shallenberger for Respondents.
PATROSSO, J. pro tem.
This is an appeal by Gladys King as administratrix with the will annexed of the estate of George W. King, deceased, from an order settling the first account and report of the executors in the above named estate which was made following an order dismissing appellant's objections thereto.
[1] The question presented is whether appellant is a "person interested in the estate" within the meaning of Probate Code, section 927, and as such entitled to be heard in opposition to the account. Appellant's interest in the estate, if any, rests solely upon the fact, as set forth in her objections, that she had instituted suits which are pending and undetermined to quiet title and declare a trust in all of the real property described in the inventory, which real properties comprise all of the assets of the estate except an automobile and some miscellaneous household furniture.
A substantially similar question has but recently been the subject of intensive consideration by our Supreme Court in the Estate of Dabney, 37 Cal.2d 672 [234 P.2d 962]. There the appellants had filed objections to three separate petitions for ratable distribution upon the ground that they had instituted and that there was then pending a suit in equity wherein they sought establishment of constructive and resulting trusts, the quieting of adverse claims to their asserted title, an accounting, an injunction and other relief, all based upon the allegations of their equitable ownership in properties inventoried as assets of the estate. The trial court dismissed appellants' objections and entered orders granting the *470 petitions for distribution as prayed for. From these orders an appeal was taken, and in an elaborate opinion in which all of the authorities upon the subject are considered and discussed the court held that the appellants were not persons interested in the estate and dismissed their appeal.
While this decision would appear to be controlling here and require an affirmance of the order appealed from, appellant seeks to escape the force thereof by the assertion that in its opinion the Supreme Court "showed a marked disposition toward enlargement of the included class (`persons interested') and by its reference to Estate of Ricaud, 57 Cal. 421, and Estate of King, 199 Cal. 113 [248 P. 519], indicated its intention to give some measure of relief if and when, as here, the facts warranted such intervention." We read no such intention in the court's opinion. On the contrary, the court there rejected a substantially similar argument and in so doing used the following language (p. 682):
"In respect to the argument of appellants that we should in the interests of justice give extended inclusion to the phrase `persons interested in the estate,' to the end that persons situated like appellants shall not be deprived of effectual judicial aid, we point out that from our holding it does not follow that appellants are left without adequate remedy. While they are not `persons interested in the estate' as such, they do claim an interest in the assets inventoried by the estate. They are asserting that interest in their suit in equity seeking, among other remedies, injunctive relief. It has been said that `Courts of equity will interfere in the administration of estates where the powers of the courts of probate and their modes of procedure preclude them from doing complete justice and then only for the purpose of rendering indispensable aid to courts of probate, remitting their decrees to that court to be carried into effect.' (Estate of Rolls (1924), 193 Cal. 594, 599 [226 P. 608]; see, also, Brown v. Superior Court, (1949), 34 Cal.2d 559, 565 [212 P.2d 878].) It is not proper on this appeal to consider what form the equitable relief, if any be merited, could or should take. We must here presume that the equity court could afford appellants any relief to which they showed themselves entitled and that it has acted, or will act, in conformity with law and equity on the showing made. Furthermore, the record on the distribution hearings indicates that the probate court was mindful of the equity suit, (including the request for injunctive relief) pending in the superior court which might, if the latter court acting *471 lawfully and within its jurisdiction so determined, require postponement of the distributions."
There is some suggestion in appellant's briefs that the Dabney case may also be distinguished by reason of the fact that there the pending litigation affected only a portion of the assets of the estate (approximately 25 to 50 per cent) while here, as in the Estate of Ricaud, 57 Cal. 421, upon which appellant relies, all of the real estate is involved in appellant's pending suits. It is true that in the course of its opinion in the Dabney case the Supreme Court in discussing the Estate of Ricaud makes mention of this fact, but we fail to find anything therein to suggest that a different result would have followed if a like situation had been presented there. If, as the Estate of Dabney and the many authorities cited therein unite in declaring, one asserting an adverse interest to properties inventoried as assets of an estate is not a person interested therein as those words are used in various sections of the Probate Code, the extent of the adverse claim would appear to be a matter of no consequence. The lack of necessary interest arises from the nature of the claim and not the extent thereof. This is made evident by the Estate of Dutard, 147 Cal. 253 [81 P. 519], where the court says (p. 256): "So far as these claimants are concerned, it is apparent that the claimants were not seeking to enforce any claim against property of the decedent. The claimants proceeded entirely upon the theory that the property held by Hyppolite Dutard in his lifetime, and by his legal representatives after his death, which was sought to be recovered, was in fact trust property, and did not belong to his estate at all. The claimants did not assume to stand in the character of creditors of the decedent, seeking to enforce a debt of the decedent against his property, but purely in the attitude of persons seeking to recover from the representatives of the estate specifically described property, upon the ground that it did not belong to the estate, but was in fact their own property. The fact that the claim in question not only asked for the property itself, but also, in the alternative, for its value, did not change their character or alter the position of the claimants.
"It is well settled that one who claims as his own, adversely to an estate, specific property held and claimed by the estate, cannot be called a creditor of the estate within the meaning of the probate law." (Emphasis added.)
The language of the court quoted above also effectively disposes of appellant's further contention that she occupies *472 a status of a person interested in the estate by reason of the fact that in her pending suits she makes claim to damages in the alternative if recovery of the real property cannot be had as well as to the rents, issues, and profits thereof. A similar situation was likewise present in the Estate of Dabney where incidental relief by way of an accounting was sought but this failed to persuade the court to accept appellants' claim that they were thereby entitled to be considered as persons interested in the estate.
All of the authorities which we have discussed above involve appeals from orders or decrees of distribution but if, as they hold, an adverse claimant to property sought to be distributed may not be heard in opposition to a petition for the distribution thereof, manifestly stronger reasons are to be found for a like conclusion where such a claimant asserts the right to be heard in opposition to a current account. Here appellant's objections to the account are based solely upon the fact of the pendency of the litigation which she has instituted. She does not undertake to challenge the propriety of the disbursements for which credits are claimed therein but objects thereto only because they were paid from the rents, issues, and profits of the properties which are the subject of her pending suits. [2] What she would have the court do is to defer any accounting until after the termination of the litigation, but the administration of the estate cannot thus be brought to a standstill. The properties are income producing and of necessity require maintenance and supervision involving expenditures which may be met only from the income derived therefrom. If, therefore, it were to be conceded, as appellant contends, that the settling of the account in advance of the termination of the litigation was a matter resting in the court's discretion, it committed no abuse thereof in refusing to defer the same.
[3] Likewise without merit is appellant's final contention that the court was guilty of an abuse of discretion in denying her motion for a continuance of a hearing upon the account. The only reason assigned for this request was that there was pending and set for hearing at a later date an application by appellant for an order requiring the executors to furnish bond. How this matter had any relation to the hearing upon the account is not apparent, and we see no error in the court's action.
The order appealed from is affirmed.
White, P.J., and Drapeau, J., concurred.