[Civ. No. 21353. Second Dist., Div. One. Feb. 6, 1956.]

JOSEPH E. BREWER et al., as Trustees, etc., Respondents, v. GLADYS KING, as Administratrix With the Will Annexed, etc., Appellant.

Gladys King, in pro. per., for Appellant.

Danielson & St. Clair and H. Spencer St. Clair for Respondents.

FOURT, J.—The respondents herein, plaintiffs in the superior court, filed a complaint to quiet title to certain particularly described real property, and to enjoin Gladys King, both individually and as administratrix with the will annexed of the estate of George W. King, deceased, from further maintaining two pending superior court actions (No. 584,337 and No. 590,986), and from filing or prosecuting any further actions against plaintiffs involving the title to the property described in the complaint. Appellant prosecutes her appeal from the judgment for plaintiffs as prayed for, which was entered December 7, 1954.

The two causes which the trial court has enjoined appellant from further prosecuting are the most recent in a series of actions filed by appellant against respondents and/or Griffin W. Wilson, of whose estate respondents Joseph E. Brewer and

Daniel Carmichael as trustees, over a period of some 10 years. Chronologically, the record shows the history of these cases to be as follows:

The appellant, Gladys King, and George W. King were married September 19, 1938, in Reno, Nevada. At the time of the marriage he was 85 years of age and she was 34 years of age. Mr. King died December 18, 1941. In probate proceedings in Los Angeles County superior court (No. 210334), appellant filed a contest to the will of George W. King, and the codicils thereto, offered in probate. Appellant was nonsuited and the judgment was affirmed in *Estate of King,* 63 Cal.App.2d 365 [146 P.2d 952]. (March 21, 1944.) The will and codicils devised the entire estate of the deceased to Griffin W. Wilson, a long time friend and associate, who also became executor of the estate.

On June 6, 1942, at which time the appeal in the will contest action was still pending, appellant, as special administratrix of the estate of George W. King, deceased, filed an action in the superior court of Los Angeles County (No. 477624), against George W. Wilson, Joseph E. Brewer and Kathaleen Brewer, by which she sought to recover certain described property. Among other things she alleged in her complaint that George W. King had placed title to all of his property in the name of the defendants as agents for himself. Each of the defendants denied that they held any property as agents or trustees for George W. King. Thereafter, the judgment of nonsuit in the probate proceedings was affirmed and Griffin W. Wilson was substituted as plaintiff in action No. 477624, and the matter was dismissed.

On September 2, 1944, appellant filed an action in the superior court in Los Angeles County (No. 495880), against Griffin W. Wilson, Joseph E. Brewer and Kathaleen M. Brewer, wherein she sought to quiet title to and recover several parcels of property, including all the property described in the instant action, and asked for an accounting. No summons was issued at the time the complaint was filed. Defendants made a voluntary appearance on June 7, 1945, but no steps were taken to have the matter set for trial until June, 1947. Thereafter, appellant voluntarily dismissed the proceedings on October 2, 1948, two days before the scheduled trial of the action.

On June 30, 1945, appellant filed an action in the superior court in Los Angeles County (No. 503467), against Griffin W. Wilson, Joseph E. Brewer and Kathaleen M. Brewer, to

quiet title to certain properties, including all the properties set forth in the action at hand. In that suit she also sought an accounting. No summons was issued at the time of the filing of the complaint. Later summons was issued and was served about three years after the filing of the action. A demurrer was interposed by the defendants, which the trial court sustained without leave to amend. Appellant prosecuted an appeal from that decision which was affirmed in *King* v. *Wilson*, 96 Cal.App.2d 212 [215 P.2d 50]. (February 24, 1950.)

On June 6, 1946, appellant filed an action in the superior court in Los Angeles County (No. 515154), against Griffin W. Wilson, as executor of the estate of George W. King, deceased. This action was on a rejected claim of appellant for services as a nurse, housekeeper and assistant to decedent. Service of summons was not made until April, 1948. The executor demurred to the complaint and the trial court sustained the demurrer with leave to amend. Appellant voluntarily dismissed the action on July 12, 1948.

On August 27, 1948, appellant filed another action in the superior court of Los Angeles County (No. 533635), against Griffin W. Wilson, Joseph E. Brewer and Kathaleen M. Brewer. By that suit appellant sought to quiet title to and recover the same property involved in the former actions. The cause was tried March 7, 1950, upon the affirmative defenses of the statute of limitations and the statute of frauds. Judgment was in favor of the defendants upon both defenses. An appeal was taken and respondent's motion to dismiss the appeal was granted in *King* v. *Wilson*, 101 Cal.App.2d 242 [225 P.2d 270]. (December 20, 1950.)

Griffin W. Wilson died on June 8, 1950, and Joseph E. Brewer and Daniel Carmichael were appointed executors of his estate in superior court proceedings in Los Angeles County (No. 307504). A first account current was filed to which appellant filed objections, individually and as administratrix with the will annexed of the estate of George W. King, deceased. These objections were, upon motion of the executors, stricken. Appellant thereafter appealed and the judgment of the trial court was affirmed in *Estate of Wilson*, 114 Cal.App.2d 468 [250 P.2d 266]. (November 28, 1952.)

Joseph E. Brewer and Daniel Carmichael, as the executors of the estate of Griffin W. Wilson, deceased, filed an accounting of the deceased executor, Griffin W. Wilson, in the estate

of George W. King. Appellant, individually and as adminis-
tratrix of that estate, filed objections thereto. On motion duly
made the objections were stricken and appellant prosecuted
an appeal. The action of the trial court was affirmed in
*Estate of King,* 121 Cal.App.2d 765 [264 P.2d 586], (Decem-
ber 9, 1953), the appellate court also holding the appeal was
frivolous.

On March 23, 1951, appellant, individually and as adminis-
tratrix with the will annexed of the estate of George W. King,
deceased, filed an action in the superior court in Los Angeles
County (No. 584337), to declare a trust and to quiet title to
and recover all of the property covered by the former actions,
including the property involved in the instant action. An
answer was filed to the third amended complaint and defend-
ants filed a memorandum for setting trial on August 12, 1952.
After the case was set for trial appellant noticed a motion
for a continuance and the cause was, by stipulation, taken off
calendar and continued. A trial date was finally set for
November 14, 1955, but on motion of defendants the cause was
ordered off calendar upon the ground, *inter alia,* that Gladys
King had been restrained from further prosecuting the action.

On September 27, 1951, appellant filed an action in the su-
perior court in Los Angeles County (No. 590986), against
Joseph E. Brewer and Daniel Carmichael, as executors of the
estate of Griffin Walter Wilson, deceased, and against Joseph
E. Brewer and Kathaleen M. Brewer, to quiet title to certain
of the properties described in the complaint in the cause now
before us. No summons was issued at the time of the filing
of the complaint. Summons was later issued and service was
made on the defendants on August 22, 1954, some three years
after the date of filing the complaint. A motion was made to
dismiss the action for lack of prosecution, which the court
granted on September 10, 1954. Appellant has appealed from
that judgment.

The litigation promoted by the appellant has obviously been
expensive to the respondents, has prevented the sale of the
property, and has caused the trustees to use income to pay ob-
ligations of the estate, including among other things, taxes,
legacies and inheritance taxes.

After the respondents had completed the introduction of
their testimony in the case at hand, and after a continuance
had been granted the appellant during the course of the trial
to the end that she would be better able to present her side

of the matter, counsel for the appellant stated to the trial judge as follows:

"In consideration of the courtesy shown me Monday by the Court and Mr. St. Clair, I have tried to handle this so we can wind it up quickly. After going over the voluminous documents with Mrs. King and talking with her for some hours, I have reached the conclusion that as to all of the properties except Lot 16, possibly, in the second cause of action, that at this late date, no matter what may have been the case some years ago, there is no valid defense to the action. More important and more perhaps more difficult, I think that I have convinced Mrs. King of that, at least to the effect that she is willing to abide by my opinion on it, so what I have here will be addressed entirely to Lot 16."

Evidence was thereupon introduced by the appellant. She sought to establish an equitable right in herself in derogation of the record title, only as to the one parcel. The trial court found as to that parcel that appellant had no interest in it. It thus appears that appellant has been afforded many opportunities to be heard on the same matters as were presented in the case at hand. She had the opportunity to, and did, present proper evidence in the case now before us.

At the conclusion of the case, after the trial court had announced that judgment would be for the plaintiffs as prayed for, counsel for the appellant stated, "I think the court's conclusions are sound."

Appellant now contends that the judgment was not sustained by the evidence. It was stipulated at the trial that the title to the property in question was of record as shown in the title guarantee policy and title report. A policy of title insurance was introduced, without objection, as to the property in Los Angeles County. A title report was introduced, also without objection, as to the property in Tulare county. Since 1940, all of the property in the first cause of action was in the possession of either Griffin W. Wilson, or the plaintiffs as executors or trustees of his estate. All of the property in the second cause of action was in the possession of plaintiffs Joseph E. Brewer and Kathaleen M. Brewer, for at least 10 years before the time of the trial of the action.

The facts in support of the third cause of action were either admitted by the pleadings or established by the records introduced into evidence.

Appellant has failed completely to point out to this court wherein the evidence is insufficient to sustain the judgment.

Appellant's next contention is that she should not have been enjoined from prosecuting the pending actions referred to, namely Superior Court, Los Angeles County Number 584337 and Superior Court, Los Angeles County Number 590986.

Section 526 of the Code of Civil Procedure provides in part as follows:

"An injunction cannot be granted:

"1. To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings;"

The appellate court has heretofore had an occasion to speak out with reference to the activities of the appellant in *Estate of King,* 121 Cal.App.2d 765, 775 [264 P.2d 586], wherein Justice McComb said:

"In the instant case appellant by one action or proceeding after another has kept litigation involving the same identical issue pending since the death of George W. King in December of 1941. She successfully frustrated the attempt of Griffin W. Wilson as executor to realize something from the assets that were in the estate. She has consistently clouded title to the property of Griffin W. Wilson and of his estate as well as other defendants named in the various actions.

"Since the affirmance of the appeal on appellant's unsuccessful will contest, she has filed five lawsuits against Griffin W. Wilson and others, four of which were practically identical, in seeking to recover on a trust theory certain described property which was allegedly held for her deceased husband who had, not without cause, disinherited her. The record of such actions clearly evinced the fact that appellant was not proceeding in good faith to secure a judicial determination of her alleged rights. The pattern she followed was typical of the procedure of one using the processes of the court for the purpose of harassment, vexation and delay rather than for a determination of bona fide controversies. Actions were filed without the issuance or service of summons, actions were not set for trial when at issue, actions were voluntarily dismissed, and every effort was made to delay and procrastinate. Gladys King objected to and delayed all efforts of the executor to liquidate the limited assets that

were actually in the estate until she finally was able to acquire rights to the property and declare a forfeiture of the estate's interest, thereby preventing any recovery for the estate.

"Appellant has filed six actions against the same defendants. In addition she has filed numerous objections in the estate proceedings and has intermeddled without right in the estate of Griffin W. Wilson. She has prosecuted four appeals in the appellate court and filed a separate petition for writ of review in all of which she was unsuccessful. Justice may be blindfolded, but it is not stupid and the courts have the power to prevent abuse of their processes."

In the case of *Taylor* v. *Hawley*, 6 Cal.App.2d 576 [45 P.2d 226], the court held that injunction is a proper remedy to terminate expensive and troublesome interference with the ownership and right of possession of property by one who has been regularly determined by a court of equity to be entitled thereto; and that the trial court did not err in directing the issuance of an injunction in an action to quiet title, restraining defendants from interfering with plaintiff's title and right of possession by maintaining litigation or otherwise, which injunction had the effect of enjoining defendants from further prosecuting an action previously commenced by them involving similar issues and which was still pending at the time of trial of the action. The court said at page 580:

"The court did not err in directing the issuing of an injunction in this case restraining the defendants from interfering with the plaintiff's title and right of possession by maintaining litigation or otherwise. (*Wolf* v. *Gall*, 174 Cal. 140 [162 P. 115]; 22 Cal.Jur. 133, § 20.) Injunctive relief incident to a decree quieting title is an ancient remedy growing out of what has been termed the 'bill of peace in a court of chancery.' It is a proper inherent remedy to terminate expensive and troublesome interference with the ownership and right of possession of property by one who has been regularly determined by a court of equity to be entitled thereo. Our statute authorizes the issuing of an injunction to prevent a multiplicity of judicial proceedings.' (Sec. 526, subd. 6, Code Civ. Proc.)"

The action of *Wolf* v. *Gall*, 174 Cal. 140 [162 P. 115], was brought to quiet title to certain property in San Francisco. Plaintiffs asserted ownership in the property as heirs of Tobe Funkenstein. The defendants, also heirs of the deceased,

claimed ownership of the property by virtue of a deed alleged
to have been executed to them by Tobe Funkenstein in her
lifetime. The court found that the defendants were the
owners of the property, that the plaintiffs had no right or title
to it and further adjudged that the plaintiffs and all parties
claiming under them be perpetually enjoined and restrained
from making any claim to the property involved in the action.
Plaintiffs took an appeal from the judgment. Later one of
the plaintiffs filed another action in which he alleged he was
an heir of Tobe Funkenstein; that at the time of her death
she was the owner of the property in question and further
assailed the validity of the deed from Tobe Funkenstein to
the defendants. The court said (at p. 144):

"Furthermore, the injunction here granted was not in
fact incidental to the main relief sought. It was a sub-
stantial and inherent part of the relief. The plaintiffs and
defendants were seeking to have title quieted against each
other. The action to quiet title, under our practice, is
a development of the bill of peace of the court of chancery.
The main purpose of this proceeding was to prevent repeated
attempts to litigate a title, and to protect the real owner of
the right against the annoyance and expense incidental to
a multiplicity of suits. It was upon these considerations
that the court of chancery 'has granted perpetual injunctions
to restrain further litigation, and thus has in some degree
put that restraint upon litigation which was the policy of
the ancient law in real actions.' (1 Pomeroy's Equity Juris-
prudence, 3d ed., § 248.) 'The obvious design of such a bill,'
says Story (2 Equity Jurisprudence, 13th ed., § 853), 'is to
procure repose from perpetual litigation, and therefore it is
justly called a bill of peace. . . . The obvious ground of the
jurisdiction of courts of equity in cases of this sort is to
suppress useless litigation and to prevent multiplicity of
suits.' "

In *Wellborn* v. *Wellborn*, 67 Cal.App.2d 540, at page 544
[155 P.2d 95], the court said:

"In Pomeroy's Equity Jurisprudence, fifth edition, volume
1, page 461, et seq., there are listed four conditions in which
equity jurisdiction may be exercised to prevent a multiplicity
of suits. One of these is stated as follows: '2. Where the
dispute is between two individuals, A and B, and B insti-
tutes or is about to institute a number of actions either
successively or simultaneously against A, all depending upon

the same legal questions and similar issues of fact, and A by a single equitable suit seeks to bring them all within the scope and effect of one judicial determination. A familiar example of one branch of this class is the case where B has brought repeated actions of ejectment to recover the same tract of land in A's possession, and A finally resorts to a suit in equity by which his own title is finally established and quieted, and all further actions of ejectment by B are enjoined.' "

Appellant has had her full, long day in court as to any claims she might have had with reference to the property described in the complaint.

The judgment quieting the title in the plaintiffs was sustained by the evidence. Such a judgment would be res judicata against the appellant's claim in any court of law or equity. See *Estate of Clark*, 190 Cal. 354, where the court said, at page 360 [212 P. 622] : "It is well settled that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes *incidentally* in question in relation to a *different* matter in the same or any other court. (Freeman on Judgments, secs. 249 and 253; *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [77 P. 765, 103 Am.St.Rep. 66] ; *Reed* v. *Cross*, 116 Cal. 473, 484 [48 P. 491] ; *Atchison & S. F. Ry.* v. *Nelson*, 220 F. 53 [135 C.C.A. 621].) That is to say, 'a matter of fact once adjudicated by a court of competent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this too whether the subsequent suit is upon the same or a different cause of action. The facts decided in the first suit cannot be disputed.' (Bigelow on Estoppel, pp. 110, 111, 112; *Rauer* v. *Rynd,* 27 Cal.App. 556 [150 P. 780].) "

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 1, 1956, and appellant's petition for a hearing by the Supreme Court was denied March 28, 1956.