[Civ. No. 17236. First Dist., Div. Two. Jan. 23, 1957.]

R. A. JARVIS, Appellant, v. MARGARET J. O'BRIEN, Respondent.

David Freidenrich and Herman D. Gill for Appellant.

No appearance for Respondent.

NOURSE, P. J.— This cause has been submitted for decision pursuant to notice given respondent under rule 17(b) of the Rules on Appeal. The record consists of the clerk's and the reporter's transcript, the appellant's opening brief—and nothing more. In such a case this court may assume the burden of reviewing the record for itself. If, in so reviewing the record, we find that there is sufficient competent evidence to support the judgment and that the procedural objections are insubstantial, it becomes our duty to affirm the judgment.

A brief statement of the facts will suffice. Plaintiff's assignor, a broker, entered into a written contract with defendant to sell her restaurant and saloon premises for the fixed price of $100,000. The contract stipulated that defendant would pay plaintiff's assignor a broker's commission, the sum of $10,000, the basis of this action. At the trial it was shown that the broker was an undisclosed partner of the three prospective purchasers. This relation, having been disclosed and admitted by plaintiff's assignor during the trial, the court found that plaintiff's assignor had failed to disclose to the purchasers, with whom he became a partner, that he had a separate agreement with the owner to be paid a commission of $10,000 on the sale which was made for $100,000. The result of this dual capacity was that the purchasers would be required unknowingly to pay to their partner an additional ten thousand dollars on the purchase price which would go to him as broker through the agency of a broker's commission. When the purchasers learned of this they objected and dealt directly with the seller for a lesser price.

Such a transaction has been condemned by all the authorities. The leading case in this state is *Glenn* v. *Rice,* 174 Cal. 269, 272 [162 P. 1020, 1021] affirmed in *Gordon* v. *Beck,* 196 Cal. 768, 773 [239 P. 309] ; see *McConnell* v. *Cowan,* 44 Cal.2d 805 [285 P.2d 261].

The settled rule of the cases is that unless both parties knew of the double agency at the time of the transaction, the agent cannot recover a commission from either. The rule is thus stated in *Glenn* v. *Rice,* 174 Cal. at page 272—"The reason for the rule is that he thereby puts himself in a position where his duty to one conflicts with his duty to the other, where his own interests tempt him to be unfaithful to both principals, a position which is against sound public policy and good morals. His contract for compensation being thus tainted, the law will not permit him to enforce it against either party. It is no answer to this objection to say that he did,

in the particular case, act fairly and honorably to both. The infirmity of his contract does not arise from his actual conduct in the given case, but from the policy of the law, which will not allow a man to gain anything from a relation so conducive to bad faith and double dealing. And the fact that the party whom he sues was aware of the double agency and of the payment, or agreement to pay, compensation by the other party, and consented thereto, does not entitle him to recover. He must show knowledge by both parties. One party might willingly consent, believing that the advantage would accrue to him, to the detriment of the other. The law will not tolerate such an arrangement, except with the knowledge and consent of both, and will enter into no inquiry to determine whether or not the particular negotiation was fairly conducted by the agent. It leaves him as it finds him, affording him no relief.''

Though this issue was raised during the course of the trial, and the Glenn and McConnell cases were cited, no mention of the point is made in appellant's brief and no reference is made to the cited cases.

The questions raised by appellant in his brief do not meet this basic issue.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied February 21, 1957.