[Civ. No. 17111.   First Dist., Div. Two.   June 6, 1957.]

STANDARD REALTY AND DEVELOPMENT COMPANY (a Corporation), Appellant, v. EDWARD C. FERRERA et al., Respondents.

Bean & Bergna for Appellant.

Machado & Machado for Respondents.

STONE, J. pro tem.*—Leroy McEvoy, a real estate broker, was employed by a Mr. Nipper, a representative of the Western Pacific Railroad Company, to purchase real property in Santa Clara County for Standard Realty and Develop-

*Assigned by Chairman of Judicial Council.

ment Company, a subsidiary of the Western Pacific Railroad Company. McEvoy approached the defendants who owned the parcel of real property which is the subject of this action. There is a conflict in the evidence as to the representations made by McEvoy to the defendants, but the record is clear that he asked their consent to sell their property, advising them that he thought he could sell it and that he would try. The defendants agreed to pay McEvoy a 5 per cent commission if he sold the property.

This verbal transaction occurred about the 20th of January, 1953, and on the 26th day of January, 1953, McEvoy induced defendants to sign an option agreement whereby they agreed to sell the property for $32,500 to one E. Larsen. McEvoy paid the defendants $500 as consideration for the option. The option recited that the $500 was paid by one E. Larsen, but E. Larsen, who was an employee of a title company, knew nothing about the transaction and did not provide the $500 for the payment. The option also provided that defendants would pay McEvoy a 5 per cent commission. At no time did McEvoy disclose to defendants that he was also acting as agent for Nipper or the plaintiff.

Shortly after executing the option, the defendants learned that the Ford Motor Company was going to build a factory near their property. There was considerable negotiating from that time on between defendants and McEvoy, but E. Larsen, the other party to the option or Standard Realty and Development Company to whom E. Larsen assigned the option after its expiration on March 26, 1953, did not enter into the negotiations. On April 1, 1953, defendants, through their attorney, notified the California Pacific Title Insurance Company, which had been designated as escrow agent, that they were rescinding the contract with E. Larsen, the title company's employee, and enclosed a check for the $500 consideration originally paid by McEvoy to defendants. Appellant as assignee of E. Larsen then brought this action for specific performance of the option agreement or for alternative relief by way of damages for breach of contract.

Appellant urges the trial court erred in its finding that McEvoy was acting as agent for the defendants because the finding is not supported by the evidence. Appellant contends the finding is predicated upon an unreasonable inference drawn by the trial court from the defendants' testimony. We do not find it so, even though a reasonable person might draw a contrary inference. ▪ This court will not

516

set aside a finding of fact made by the trial court if it is not improbable in the light of all of the evidence. ■ In addition to the testimony of the defendants, the record provides other substantial evidence to support the finding of the trial court that McEvoy was acting as agent for the defendants. The cross-examination of McEvoy himself supports such a finding. The evidence that McEvoy induced the defendants to pay him a commission of 5 per cent for selling their property also bears upon this finding.

A review of the record discloses that there is ample evidence and substantial evidence to sustain the finding of the trial court that McEvoy was acting as agent for the defendants. ■ Conceding that a reasonable person might draw the contrary inference which appellant has drawn from the evidence, nonetheless, it is an elemental and fundamental rule of law that where the evidence is in conflict the appellate court will not disturb the verdict of the jury or the findings of the trial court. This proposition of law with supporting citations is set forth clearly in 3 California Procedure by Witkin, page 2245, paragraph 84.

■ Appellant contends that granted *arguendo* the trial court was correct in its finding that McEvoy was acting in a dual capacity as agent for plaintiff and defendants, nonetheless, it is not grounds for a rescission of the contract even though he made no disclosure of this fact to the defendants. There is persuasive authority to the contrary in the recent Supreme Court case of *McConnell* v. *Cowan,* 44 Cal.2d 805 [285 P.2d 261]. In that case the court discusses a factual situation similar to the one presented in this case, where there was dual representation, the agent assuming to act in a double capacity without disclosing this fact to one principal. At page 809, the court says:

". . . Such conduct is a fraud upon his principal, and not only will the agent not be entitled to compensation for services so rendered, but the contract or dealings made or had by the agent, while so acting also for the other party without the knowledge or consent of the principal, are not binding upon the latter, and if they still remain executory, he may repudiate them on that ground, or, if they have been executed in whole or in part, he may by acting promptly and before the rights of innocent parties have intervened, restore the consideration received, rescind the contract and recover back the property or rights with which he has parted under it. . . ."

The defendants in the case before us followed the prescribed procedure exactly, and the trial court did not err in finding that the defendants had a right to rescind the contract. Thus the defendants could not be required to specifically perform the option agreement, nor is plaintiff entitled to recover damages. (See *Vice* v. *Thacker,* 30 Cal.2d 84, 90 [180 P.2d 4] ; 9 Cal.Jur.2d 198.)

This court having found defendants justified in rescinding the contract, the other points raised by appellant on appeal become immaterial and it is unnecessary to discuss them.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.