[Civ. No. 24135. Second Dist., Div. Two. Dec. 24, 1959.]

MARGARET MANSFIELD et al., Respondents, v.
ROY C. KAISER et al., Appellants.

Roy C. Kaiser, in pro. per., and Roland T. Williams for
Appellants.

Thomas A. Wood and Larwill & Wolfe for Respondents.

FOX, P. J.—This is an appeal by defendants from a judgment in which they were enjoined from asserting any interest adverse to plaintiffs in certain real property in Kern County.

This is another chapter in litigation growing out of a contract entered into on August 20, 1948, by which J. W. Eddington (since deceased) agreed to sell, and Joseph Lees agreed to buy the land in question.[1] In *Kaiser* v. *Mansfield*, reported in 160 Cal.App.2d 620 [325 P.2d 865], the court delineated the transactions and events on which the respective parties base their asserted rights.

On May 20, 1954, the Kaisers filed an action in the superior court of Kern County to quiet title to a portion of Section 29, Township 9 North, Range 12 West, S.B.B.&M., in Kern County. In that action Margaret Mansfield, plaintiff herein, filed an answer and cross-complaint; the other plaintiff herein, Clara Holecheck, filed a complaint in intervention. The final trial therein resulted in a judgment quieting the title of Mansfield and Holecheck to all of said section 29. In that judgment the Kaisers were ordered to execute and deliver to Mansfield and Holecheck all instruments necessary to fully vest in them title to said described property, and, in the event the Kaisers failed to execute said instruments, the clerk of the court was appointed as Commissioner to do so in the name and on behalf of the Kaisers. The judgment also provided that Mansfield deposit $2,831.52 with the clerk of the court for the use and benefit of the Kaisers. On appeal (160 Cal.App.2d 620), the judgment was modified by requiring Mansfield and Holecheck to deposit an additional $4,000 with the clerk for the use and benefit of the Kaisers. As so modified, the judgment was affirmed and has become final. (Hearing denied by the Supreme Court.) The above mentioned sums were deposited with the clerk for the use and benefit of the Kaisers. Upon the judgment becoming final, demand was made upon the Kaisers to execute and deliver to Mansfield and Holecheck an assignment of a certain agreement for sale of real property made and entered into on August 20, 1948, by and between J. W. Eddington, as seller, and Joseph Lees, as buyer, and which, assertedly, had been assigned to the Kaisers by mesne conveyances. This agreement provided for the sale of the real

---

[1]Prior phases of this litigation are reported in *Kaiser* v. *Mansfield*, 141 Cal.App.2d 428 [297 P.2d 98]; *id.* 160 Cal.App.2d 620 [325 P.2d 865].

property here in dispute. The Kaisers failed and refused to execute and deliver to Mansfield and Holecheck an assignment of said agreement. Thereafter, the clerk of the superior court of Kern County, pursuant to the said quiet title judgment, made, executed and delivered to Mansfield and Holecheck a "conveyance and assignment" of the aforesaid agreement for the sale of real property in the names and on behalf of the Kaisers.

In the meantime, Eddington died and his estate was probated in Los Angeles County. On August 1, 1958, the Kaisers filed a petition in the Eddington probate proceedings in which they requested an order directing conveyance of the real property herein in controversy to them as successors in interest of Joseph Lees, under and pursuant to the terms of the aforesaid agreement for the sale of real property, in which the decedent was the seller and Joseph Lees was the buyer. The petition was on the grounds that the Kaisers were the owners of said agreement. The agreement is the same one that had been assigned to Mansfield and Holecheck by the clerk as Commissioner under the aforesaid judgment. The probate court, in the Eddington Estate, made an order dismissing the petition of the Kaisers, without prejudice, however, to "their instituting an independent action . . . against such persons as they may be advised with respect to title, ownership and right to conveyance" of such property. Because of the actions of the Kaisers in asserting a right to this real property adverse to the interests of Mansfield and Holecheck despite the aforesaid quiet title judgment, Mansfield and Holecheck brought this action for a permanent injunction against the Kaisers, who answered in due course and prayed that no injunction be granted.

Plaintiffs thereupon made a motion for a summary judgment. They set forth in an affidavit in support of their motion their title to said real property and the lack of any right of the Kaisers thereto. In support of their position, plaintiffs attached certified copies of all the documents to which we have referred. The affidavit states that irreparable injury will be done to plaintiffs unless defendants are enjoined and restrained from asserting any claim to the said property adverse to plaintiffs.

Defendant Roy C. Kaiser filed an affidavit in opposition to the motion for summary judgment. Defendants have summarized this affidavit in their brief. We have reproduced their

summary in footnote 2. Plaintiffs did not file any counter-affidavit.

"1. That Roy C. Kaiser and Geraldine C. Kaiser are the owners of the agreement to purchase certain real property described in the petition pending in Los Angeles Superior Court In the Matter of the Estate of James W. Eddington, deceased, numbered 290602 which was filed August 1, 1958 (prior to the filing the action herein involved).

"2. That the action in Kern County was one to quiet title, and the complaint in Intervention and Cross-complaint was to impress a Trust on 140 acres which was deeded to the Appellant herein by the Estate of James W. Eddington, deceased.

"3. That the Appellate Court in *Kaiser* v. *Mansfield*, 141 Cal.App.2d 428 [297 P.2d 98], established the law of the case that the Plaintiffs Kaiser (Appellants in this action) were not holding the property in Trust for Plaintiffs herein, Mansfield and Holecheck.

"4. That Marion P. Eddington, the Administrator of the Estate of James W. Eddington, deceased, and his attorney William R. Law conspired with the Plaintiffs Mansfield and Holecheck and their attorneys Thomas A. Wood and Larwill and Wolfe to defraud the defendants Kaiser out of their interest in said real property (Sec. 29) after the said Administrator petitioned the Superior Court in Los Angeles to make deed to these Appellants and then used the money paid by these Appellants to obtain the title to said property, from Southern Pacific Land Co., 500 acres of which still belongs to the Estate of James W. Eddington and which Appellants were held in said Probate proceedings to have been entitled to a conveyance of the Property.

"5. That the Appellants Kaiser as joint tenants, as assignees of the purchaser's interest in the contract were held to be entitled to a specific performance of the contract. That these Appellants pursuant to said Order and Judgment in said probate action number 290602 and pursuant to sections 850, 851, 852 and 853 of the Probate Code of the State of California are entitled to the protection of this Court with respect to said Decree. Order and Judgment which was made pursuant to Petition of the Administrator of said Estate and who was Ordered and authorized to Complete the terms of said contract and to specifically perform as Roy C. Kaiser and Geraldine C. Kaiser are entitled to specific performance of the said contract. That all Notices required by law were given. Such was the holding of the said Probate Court on January 26, 1954, and pursuant to which these defendants paid the moneys for the property under said contract which was held to belong to the defendants Kaiser.

"6. That the Plaintiffs and respondents are bound by said decree and Order of January 26, 1954, in action number 290602 Los Angeles Superior Court. That said Order and judgment has never been set aside and is res judicata and not attackable collaterally as attempted in this action.

"No consideration was paid to defendants (appellants), for any assignment and said assignment of the Clerk is void.

"7. That the Petition of the Appellants in the Probate Court which was filed August 1, 1958, was heard in Department 17 of Los Angeles Superior Court pursuant to stipulation of the parties on November 6, 1958. That on December 3, 1958, the said Court sitting in Probate made and filed its order dismissing the said Petition without Prejudice to the said Roy C. Kaiser and Geraldine C. Kaiser instituting an independent action in the Superior Court against such persons as they may be advised for the purpose of litigating and determining the Matter with respect to the title, ownership and right to conveyance."

Upon the record thus presented the court granted a summary judgment, enjoining defendants from asserting any claim to the said real property adverse to plaintiffs and from proceeding with their petition in the Eddington Estate. It is from this judgment that defendants have appealed.

■ "Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts which, if proved, would be sufficient to sustain judgment in his favor, and defendant does not 'by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.' " (Code Civ. Proc., § 437c; *Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 244]; *Desny* v. *Wilder*, 46 Cal.2d 715, 725-726 [299 P.2d 257].)

The defendants make no suggestion in their brief that the facts stated in the affidavit on behalf of plaintiffs are insufficient to sustain a judgment in their favor. The question then is: Does the affidavit on behalf of defendants present any facts which give rise to a triable issue? While defendants state in their brief that the affidavit of Roy C. Kaiser "raised many issues of fact and set forth triable issues of fact which were a good and meritorious defense to the plaintiff's action," they fail to point out a single such fact. Also, defendants state certain established principles in applying the summary judgment statute and cite a number of cases in that field, from some of which they quote, but they totally fail to show the application of these principles and authorities to the instant case.

■ Our examination of the Kaiser affidavit, together with the certified documents which are a part of the affidavit on behalf of plaintiffs, leads us to the conclusion that Kaiser's affidavit does not present any triable issue of fact. It does not put in issue the authenticity of the documents made a part of the affidavit on behalf of plaintiffs, nor does it state any facts which would justify vacating or setting aside the prior quiet title judgment. The matters set forth in the Kaiser affidavit were raised and litigated in the prior quiet title action (160 Cal.App.2d 620), or might have been there raised and litigated, or are wholly immaterial and insufficient to show that defendants have any interest in this property. They are thus faced with the insurmountable legal barrier of res judicata. The defendants are simply trying to relitigate the facts and issues that were determined adversely to them in the quiet title action (160 Cal.App.2d 620 [325 P.2d 865]).

Although the record is clear that as between the parties to

this litigation the plaintiffs are the owners of the real property in question and that the defendants have no ownership of, or interest in, said property, the defendants nevertheless are continuing to assert claims thereto and relitigate the same. Such continued litigation is certainly ill advised and approaches the point of being vexatious. Injunctive relief is a proper remedy to terminate expensive and unmeritorious litigation with respect to the ownership of property by one who has been decreed to be the owner thereof. Such relief is incident to a decree quieting title. The rule is stated in *Taylor* v. *Hawley,* 6 Cal.App.2d 576, 580 [45 P.2d 226], as follows: "Injunctive relief incident to a decree quieting title is an ancient remedy growing out of what has been termed the 'bill of peace in a court of chancery.' It is a proper inherent remedy to terminate expensive and troublesome interference with the ownership and right of possession of property by one who has been regularly determined by a court of equity to be entitled thereto. Our statute authorizes the issuing of an injunction 'to prevent a multiplicity of judicial proceedings.' (§ 526, subd. 6, Code Civ. Proc.)" In accord are *Brewer* v. *King,* 139 Cal.App.2d 33, 40 [293 P.2d 126], and *Wolf* v. *Gall,* 174 Cal. 140, 144 [162 P. 115].

In view of the decree in *Kaiser* v. *Mansfield,* 160 Cal.App.2d 620 [325 P.2d 865], quieting title in these plaintiffs it is clear that they are entitled to the injunctive relief here granted.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.