[Civ. No. 19735.   First Dist., Div. Two.   Oct. 11, 1961.]

JOHNNIE M. WRIGHT et al., Respondents, v.
W. HARRY JOHNS, Appellant.

W. Harry Johns, in pro. per., for Appellant.

Terry A. Francois for Respondents.

SHOEMAKER, J. — This is an appeal by defendant W. Harry Johns from a summary judgment in favor of plaintiffs Johnnie M. and Norman E. Wright.

Respondents have filed no brief despite notice given pursuant to rule 17, subdivision (b), of the Rules on Appeal. The court has reviewed the record as to whether there is sufficient competent evidence to support the judgment. (*Brown* v. *Reliable Iron Foundry, Inc.* (1959), 174 Cal.App.2d 294 [344 P.2d 633] ; *Jarvis* v. *O'Brien* (1957), 147 Cal.App.2d 758 [305 P.2d 961].)

On August 31, 1959, respondents brought this action against appellant to quiet title to real property located in San Francisco. They alleged that they had brought a prior action against one Louise Foote to cancel a promissory note and deed of trust on the parcels and that judgment had been entered therein in their favor. Respondents also alleged that appellant had acquired his purported interest in the parcel from Louise Foote by a deed which was executed by her on August 14, 1958, after the *lis pendens* in respondents' action against her had been filed and at a time when appellant had actual knowledge that said action was pending; that appellant now claims an interest in the property by virtue of this conveyance; and prayed that their title be quieted.

The record shows that on April 6, 1956, respondents purchased the property through a real estate office owned by appellant, and as part of the deal executed a promissory note and deed of trust to Louise Matlock, who was a real estate saleswoman working for appellant. The deed of trust was recorded on June 6, 1957, and on July 27, 1957, the note and

deed of trust were assigned by Louise Matlock to Louise Foote, appellant's former wife. This assignment was recorded the same day.

On April 16, 1958, respondents brought suit against Louise Matlock to cancel the note and deed of trust on the ground that they had been obtained through misrepresentation. On May 13, 1958, respondents filed a second amended complaint with leave of court, joining Louise Foote and appellant as defendants. On May 14, 1958, a trustee's sale was held under the deed of trust, and Louise Foote, as the highest bidder, purchased the property and took a trustee's deed thereto. On May 15, 1958, the *lis pendens* of respondents' action was recorded. On August 14, 1958, Louise Foote conveyed the property to appellant by grant deed. On September 22, 1959, a final default judgment was entered against Louise Foote, the action having been dismissed upon motion of respondents as to Louise Matlock and appellant. The judgment in favor of respondents declared void any interest Louise Foote might have under the note and deed of trust, or by virtue of the trustee's sale.[1] Louise Foote did not appeal from this judgment.

In his opposing affidavit, appellant admitted that he had a discussion with respondents' counsel prior to August 14, 1958, but alleged that at that time respondents' action was not pending against Louise Foote but against Louise Matlock, and that the discussion therefore concerned only Louise Matlock's deed of trust; and further, that the *lis pendens* named only Louise Matlock and the title company as defendants and made no mention of the fact that Louise Foote was a party to the action. Appellant's affidavit asserts that he had paid valuable consideration in the amount of $2,500 for the grant deed from Louise Foote.

Appellant argues that the trial court erred in granting respondents' motion for summary judgment, for he claims his affidavit raised several "triable issues of fact." ▮▮▮ In support, he refers us to *Mansfield* v. *Kaiser* (1959), 176 Cal. App.2d 632 [1 Cal.Rptr. 555], where the court stated:

" 'Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts which, if proved,

---

[1] It may be here noted that a prior judgment for respondents was evidently entered on August 31, 1959, but this judgment inadvertently referred to service of the first rather than the second amended complaint upon Louise Foote. Respondents thereupon obtained a reopening and the court entered its final amended decree on September 22, 1959.

would be sufficient to sustain judgment in his favor, and defendant does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." ' [Citations.]'' (P. 636.)

In arriving at his alleged triable issues of fact, appellant's presentation is not clear. However, our conclusion is that he contends that there is a question of fact as to (1) whether or not appellant was a bona fide purchaser of said real property; (2) whether or not appellant was bound by the prior adjudication cancelling the note and deed of trust held by Louise Foote; and (3) whether or not appellant has set up a defense under the doctrine of election of remedies.

As to the issue of whether or not appellant had purchased the property from Louise Foote without notice of respondents' claims, it would seem clear that there was conclusive evidence (which we discuss hereafter) that appellant had actual knowledge of the pending litigation to cancel his grantor's deed of trust. Under these circumstances, appellant was clearly not a bona fide purchaser entitled to prevail against respondents regardless of whether or not he paid consideration to acquire the grant deed. (See 2 Witkin, Summary of California Law, Real Property, § 74, p. 927.)

As to the issue of whether there "was merit to plead the previous case," it may be assumed that appellant is here asserting that he took the grant deed without notice of the prior action and that respondents are therefore not entitled to raise it as a bar to appellant's rights. It is difficult to conceive of a case in which the evidence more clearly establishes actual notice of a pending action on the part of a grantee. Although appellant's affidavit contained objections to the form of the *lis pendens,* as noted above, and although appellant there alleged that his discussion with respondents' counsel related only to an action pending against Louise Matlock, rather than Louise Foote, we find that appellant nowhere specifically denies respondents' allegation that he had actual knowledge of the suit and was fully cognizant of the fact that Louise Foote was a party thereto. The record reveals, in fact, that appellant himself was briefly made a party to the action by the same second amended complaint which brought Louise Foote into the action. Although the action was subsequently dismissed as to appellant, it appears that he took an active part in the proceedings, even going so far as to move for a

new trial, which motion was denied on the ground that appellant was not a party to the action. Under these circumstances, we must conclude appellant was fully aware that Louise Foote was a party to the action and that respondents were seeking to cancel any interest she might have under the deed of trust, regardless of whether or not the *lis pendens* named her as a party. Furthermore, appellant appears to have been involved in this transaction from its very inception. The original deed of trust was executed under the auspices of appellant's real estate agency, to his saleswoman Louise Matlock (with appellant acting as notary), followed in due time by an assignment to his ex-wife, Louise Foote. The record supports the finding that although appellant was fully apprised of respondents' claim, he nevertheless chose to purchase the property and accept a grant deed from Louise Foote, and mistakenly placed his trust in the fact that he considered the *lis pendens* to be technically deficient.

Appellant's final ground is that there was a triable issue as to whether respondents should be barred by their election of remedies. Appellant urges that a person who elects to pursue one of two available inconsistent courses of action is afterward precluded from pursuing the other. This rule is in no way applicable to the case at bar. Appellant is apparently contending that he was made a party to the prior suit and that respondents should have adjudicated all their rights against him at that time, and since they voluntarily dismissed the prior action as to appellant, that they should now be barred from bringing a separate suit to quiet title against appellant. It may be noted, however, that respondents brought the prior action solely to cancel the outstanding note and deed of trust. At the time that their complaint in the prior suit was filed, there had been no trustee's sale and no grant deed to appellant. Respondents were therefore bringing suit to cancel what was at that time the only cloud upon their title, and the situation presented no choice between inconsistent remedies. Appellant was joined as a defendant only because respondents were evidently uncertain as to who had the beneficial interest under the note and deed of trust, and appellant was dismissed as a defendant when it became apparent that Louise Foote rather than appellant held the deed of trust. Appellant acquired his grant deed only after respondents had brought the prior action, and appellant acquired the deed only because he chose to ignore the fact that the prior action was pending against his grantor and that he

would be bound by this adjudication. (*Dobbins* v. *Economic Gas Co.* (1920), 182 Cal. 616 [189 P. 1073].) The trial court properly concluded that no triable issue of fact was raised as to the defense of election of remedies.

The granting of summary judgment against appellant was proper.

Judgment affirmed.

Kaufman, P. J., and Agee, P., concurred.