[No. D012689. Fourth Dist., Div. One. Nov. 25, 1991.]

L. BYRON CULVER & ASSOCIATES, Plaintiff and Appellant, v. JAOUDI INDUSTRIAL & TRADING CORPORATION, Defendant and Respondent.

302

COUNSEL

Campbell & Campbell and Leon E. Campbell for Plaintiff and Appellant.

Diane E. Douglas Tufts for Defendant and Respondent.

OPINION

RODRIGUEZ, J.*—Plaintiff L. Byron Culver & Associates (Culver) appeals a judgment barring recovery of a brokerage commission from a land sale. Culver contends the court erred in finding, after a nonjury trial, an agency relationship existed between Culver and defendant Jaoudi Industrial & Trading Corporation (Jaoudi Industrial) resulting in an undisclosed dual agency. Culver further contends even assuming an agency relationship existed, Jaoudi Industrial knew or should have known Culver was the agent for

---

*Judge of the Municipal Court for the San Diego Judicial District sitting under assignment by the Chairperson of the Judicial Council.

both Jaoudi Industrial and the buyer Del Rayo Properties (Del Rayo). We conclude the record clearly establishes a dual agency relationship and Culver failed to disclose it. Consequently we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 1984, Culver[1] was engaged in finding suitable property for acquisition by Del Rayo, a business entity of Gene Klein (Klein). Culver became aware of approximately 33.5 acres of land owned by Jaoudi Industrial located in Rancho Santa Fe. Culver obtained approval from Klein to initiate negotiations for acquisition of Jaoudi Industrial's property. Culver directed one of its agents, Frank Whiteside (Whiteside) to contact Jaoudi Industrial.

On February 8, 1985, Whiteside telephoned Joseph Jaoudi, president of Jaoudi Industrial. Whiteside inquired whether the 33.5 acres in Rancho Santa Fe were for sale. Jaoudi indicated the property was for sale but five lots within the property were in escrow to Arthofer Industries (Arthofer). Jaoudi was unsure whether Arthofer would complete the purchase. Whiteside asked about listing the property with him and Jaoudi agreed to give him a one-time listing for that particular property. Jaoudi and Whiteside agreed on a 3 percent commission. Whiteside stated he had a potential buyer and would get back with him.

On February 13, 1985, Whiteside personally contacted Jaoudi and presented him with a written offer from Del Rayo for purchase of the entire acreage. Jaoudi made a counteroffer. After various discussions the next day, Whiteside and Jaoudi agreed on a price of $1,750,000 for the entire acreage. Jaoudi had made it clear the sale was contingent on the cancellation of the escrow with Arthofer.

On February 15, 1985, Whiteside presented Jaoudi with a written offer to sell the entire property to Del Rayo for $1,750,000 with a commission of $52,500 payable to Culver. Jaoudi signed the written offer and all the escrow instructions. Jaoudi mentioned the contingency regarding the cancellation of the Arthofer escrow which was not included in the escrow instructions. Whiteside reassured Jaoudi he would hold the escrow documents until after the Arthofer escrow was cancelled. Jaoudi inquired whether Culver and Del Rayo were associated in any way. Whiteside denied any association.

On February 16, 1985, Jaoudi finally succeeded in contacting Arthofer, only to be told Arthofer refused to cancel the escrow for the five lots. Jaoudi

---

[1]Byron Culver is the president of L. Byron Culver & Associates, a real estate brokerage firm located in Rancho Santa Fe.

immediately contacted Whiteside and informed him of Arthofer's refusal. Whiteside stated the deal was beyond his control because all the documents had been signed and it was now up to Klein. Jaoudi notified the escrow company not to close escrow with Del Rayo until further notice.

Subsequently, Whiteside informed Jaoudi that Arthofer had contacted Klein and objected to the sale with Jaoudi. Whiteside advised Jaoudi that if he signed a grant deed before Arthofer filed a lis pendens he would be "home free." After Whiteside explained the term lis pendens, Jaoudi signed the grant deed on February 20, 1985.

On March 18, 1985, Jaoudi instructed the escrow company to close escrow with Del Rayo.[2] Jaoudi further instructed the escrow company not to pay the commission to Culver.

Escrow closed and Culver did not receive his commission. Culver sued Jaoudi Industrial for the commission, but the court denied recovery, finding a dual agency existed which was undisclosed to Jaoudi.

### DISCUSSION

■ Culver contends the evidence establishes as a matter of law that he was not a dual agent for the purpose of determining whether he should be barred from recovering his commission from Jaoudi Industrial. Culver's contention is without merit.

■ " 'Agency is the relation that results from the act of one person, called the principal, who authorizes another, called the agent, to conduct one or more transactions with one or more third persons and to exercise a degree of discretion in effecting the purpose of the principal.' " (*Workman* v. *City of San Diego* (1968) 267 Cal.App.2d 36, 38 [72 Cal.Rptr. 509], quoting *Wallace* v. *Sinclair* (1952) 114 Cal.App.2d 220, 229 [250 P.2d 154].) ■ An agent has a fiduciary duty to the principal to disclose all information in the agent's possession relevant to the subject matter of the agency. (*Sierra Pacific Industries* v. *Carter* (1980) 104 Cal.App.3d 579, 581 [163 Cal.Rptr. 764].) "An agent may not compete with the principal, nor may he or she act as agent for another whose interests conflict with those of the principal." (*Ibid.*, citing 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 86, pp. 705-706.)

■ In the context of an agreement to sell real property on another's behalf, "[a] real estate agent must refrain from dual representation in a sale

---

[2] By that time Jaoudi had received correspondence from Miles Harvey, Klein's attorney, demanding that escrow close within 30 days.

transaction unless he or she obtains the consent of both principals after full disclosure." (104 Cal.App.3d at pp. 581-582.)[3] Unless both principals know of the dual agency at the time of the transaction, the agent cannot recover a commission from either. (*Jarvis* v. *O'Brien* (1957) 147 Cal.App.2d 758, 759 [305 P.2d 961]; *McConnell* v. *Cowan* (1955) 44 Cal.2d 805, 811 [285 P.2d 261].) ■ "The reason for the rule is that he thereby puts himself in a position where his duty to one conflicts with his duty to the other, where his own interests tempt him to be unfaithful to both principals, a position which is against sound public policy and good morals. His contract for compensation being thus tainted, the law will not permit him to enforce it against either party. It is no answer to this objection to say that he did, in the particular case, act fairly and honorably to both. The infirmity of his contract does not arise from his actual conduct in the given case, but from the policy of the law, which will not allow a man to gain anything from a relation so conducive to bad faith and double dealing." (*Glenn* v. *Rice* (1917) 174 Cal. 269, 272.)

"A contention that the evidence establishes a particular fact as a matter of law when the fact finder has determined the fact to the contrary is but another way of asserting that the evidence is insufficient to support the determination of the fact finder." (*Wickham* v. *Southland Corp.* (1985) 168 Cal.App.3d 49, 54 [213 Cal.Rptr. 825].) ■ The existence of an agency is a factual question within the province of the trier of fact whose determination may not be disturbed on appeal if supported by substantial evidence. (*Id.* at p. 55.)

■ Here, Culver argues he was an agent for Del Rayo but never became an agent for Jaoudi Industrial. However, a review of all the pertinent facts presented at trial clearly supports the court's finding that Culver was Jaoudi Industrial's agent, therefore establishing a dual agency.

The record shows Whiteside was working for and at the direction of Culver in negotiating for the purchase of Jaoudi Industrial's property. Whiteside also entered into an agreement with Jaoudi for a one-time listing of that property for purposes of bringing him a qualified buyer. Jaoudi and Whiteside agreed on a 3 percent commission. Jaoudi believed Whiteside was acting solely as his agent. Whiteside had all the sales documents and escrow instructions prepared and he personally delivered them for Jaoudi's signature. When Jaoudi became concerned about the sale with Del Rayo because

---

[3]In the context of residential real estate transactions, such disclosure must be in writing. (Civ. Code, §§ 2375, 2375.5; see also *Smith* v. *Rickard* (1988) 205 Cal.App.3d 1354, 1361 [254 Cal.Rptr. 633].)

Arthofer refused to cancel the escrow for the five lots, Whiteside advised Jaoudi on how to avoid any liability with Arthofer. Specifically, Whiteside recommended that Jaoudi sign the grant deed to Del Rayo before Arthofer filed a lis pendens. After Whiteside explained to Jaoudi the nature of a lis pendens, Jaoudi signed the grant deed. The totality of these circumstances leads to the inevitable conclusion Culver acted as agent for both Jaoudi and Del Rayo. (See *Standard Realty & Dev. Co.* v. *Ferrera* (1957) 151 Cal.App.2d 514, 515-516 [311 P.2d 855] [evidence supported finding that broker acted as dual agent].)

Culver further argues that even if he were a dual agent, Jaoudi knew or should have known a dual agency existed. We reject this contention. The record shows Jaoudi specifically inquired of Whiteside during the early stages of negotiations whether Culver and Del Rayo were associated in any way. Whiteside denied any association with Del Rayo.

Because Culver substantially represented the interests of both Del Rayo and Jaoudi Industrial without disclosure of the dual agency, the trial court's ruling was proper and Culver is not entitled to recover the commission.[4]

### DISPOSITION

The judgment is affirmed.

Wiener, Acting P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 11, 1992.

---

[4]Culver further claims Jaoudi Industrial impliedly waived any right to object to his failure to disclose because Jaoudi Industrial accepted the benefits of the land sale with Del Rayo. This specific argument was never raised before the trial court and it cannot be raised for the first time on appeal. (*Richmond* v. *Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 874 [242 Cal.Rptr. 184].)

In any event, the fact Jaoudi Industrial received a financial benefit from Culver's efforts is of no consequence on the issue of no recovery for failure to disclose a dual agency. A bar to recovery is a matter of public policy. (*McConnell* v. *Cowan, supra,* 44 Cal.2d at pp. 810-813; *Jarvis* v. *O'Brien, supra,* 147 Cal.App.2d at p. 759.)