Filed 12/6/22  Craig v. Private Financial CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| PATRICK SHAWN CRAIG, | 2d Civil No. B315663 |
| | (Super. Ct. No. 20CV02916) |
| Plaintiff and Appellant, | (Santa Barbara County) |
| v. | |
| PRIVATE FINANCIAL, INC., et al., | |
| Defendants and Respondents. | |

Patrick Shawn Craig appeals from the judgment entered after the trial court sustained without leave to amend the demurrer of respondents Private Financial, Inc. and Jeralyn Sommers to Craig's second amended complaint.  The complaint attempted to allege causes of action for abuse of a dependent adult, breach of fiduciary duty and rescission arising out of a loan appellant's now-deceased mother obtained from respondents.  Appellant contends the trial court erred because it sustained the demurrer on grounds not raised by respondents and because it

failed to address his claims for rescission and dependent adult abuse. We affirm.

*Facts and Procedural History*

Appellant's now-deceased mother, Roswitha Craig[1] was the trustee of the William Craig and Roswitha Craig Living Trust (the Trust), which owned a 60-acre property in Solvang that was improved with a residence, vineyard, winery and wine tasting room (the property). Respondent Private Financial is a real estate broker and loan originator. Respondent Jeralyn Sommers is the owner of Private Financial, as well as a real estate broker and mortgage loan originator.

In November 2016, Roswitha, as trustee of the Trust, applied to respondents for a loan of $250,000, secured by a second deed of trust on the property. Respondents Private Financial and Sommers arranged the loan. A third party, FC Lender Services, funded the loan.

In March 2018, FC Lender Services contacted Roswitha and offered to lend her more money. Roswitha contacted Sommers. Sommers proposed a different arrangement: Private Financial and one of Sommers' clients would loan the Trust $410,000, repaying and replacing the $250,000 loan from FC Lender Services. The Trust would pay interest only on the new loan for 10 years at 10 percent. Roswitha agreed. The new second deed of trust was recorded in April 2018.

Appellant alleges that, when Roswitha applied for both loans, she suffered from alcoholism, liver failure and Wernike Syndrome, "which limited her ability to learn new information, her ability to remember recent events and created

---

[1] We refer to Ms. Craig by her first name for clarity, intending no disrespect.

long-term memory gaps and other memory difficulties." Because of these conditions, appellant alleges, Roswitha was a dependent adult within the meaning of Welfare & Institutions Code, section 15610.23, subd. (a). Appellant further alleges that respondents were aware of Roswitha's disabilities and relied on them to take financial advantage of her.

Roswitha died in February 2019. Appellant informed respondents of the death, became the successor trustee of the Trust and made payments on the loan until February 2020. In May 2020, respondents began a foreclosure by recording a notice of default and election to sell. Appellant alleges the notice of default was defective in various ways. Appellant ultimately avoided foreclosure by selling the property for $4.2 million, netting about $2 million. Appellant alleges that respondents' payoff demand included about $70,000 in "excessive" interest and fees that he was required to pay before respondents would release their lien.

The second amended complaint includes three causes of action for "abuse of dependent adult," breach of fiduciary duty and rescission. The cause of action for abuse of a dependent adult does not allege that Roswitha lacked capacity to consent to either loan. Instead, appellant conclusionally alleges that respondents were aware of Roswitha's "physical and mental deficiencies" and relied on those "deficiencies" to "take financial advantage of her . . . ." In addition, respondents recorded a defective notice of default and charged "excessive" interest, fees and other costs to release their lien when appellant sold the property. Both of those events occurred after Roswitha's death.

Appellant alleges that Roswitha "trusted and relied on" respondents in agreeing to both loans because respondents

3

represented that they were acting as fiduciaries in her best interests. Respondents caused appellant damage by charging 10% interest and "origination fees" of about $100,000, requiring appellant to incur costs and attorney's fees to delay the foreclosure sale, and charging excessive fees and costs to release their lien.

The second cause of action, for breach of fiduciary duty, alleges that respondents told Roswitha they were acting in her best interests as her fiduciaries in arranging the loans. Respondents breached their fiduciary duty by failing to explain the "negative" terms of the loan including the high interest rate and prepayment penalty.[2] In addition, respondents "sought to take advantage of Roswitha's mental and physical deficiencies by foreclosing when there was a pending sale for well over the amounts owed by the Trust to further their own vested interests rather than working with [appellant] and by claiming excessive fees as a condition to re-conveying the second trust deed." Roswitha was damaged by the breach of fiduciary duty, "in that she paid a higher than required interest rate, [and] incurred late charges and fees" of about $60,000.

Appellant's third cause of action for rescission alleges that the trust is entitled to rescind the $410,000 loan due to the "fraud and misconduct" of respondents and their "blatant breach of fiduciary duty . . . ." The second amended complaint includes no allegations of fraud other than the factual allegations we have already summarized.

Respondents' demurrer argued that the second amended complaint failed to state a cause of action on any

---

[2] There is no allegation that respondents demanded, or that the Trust actually paid any pre-payment penalty.

4

theory. They argued that their notice of default complied with Civil Code section 2924[3] and that their pay off demand did not violate section 2923.1 because this is not a residential mortgage to which the statute applies. They contended that appellant failed to allege facts stating a cause of action for dependent adult abuse because appellant did not allege that respondents took any of the dependent adult's property to a wrongful use. Respondents contended that appellant did not allege a cause of action for breach of fiduciary duty because they adequately disclosed the material terms of the loan and their representation of both the borrower and the lenders. Finally, respondents contended appellant's cause of action for rescission failed because the claim was based on fraud and appellant failed to allege any facts supporting a fraud claim.

The trial court sustained respondents' demurrer without leave to amend, reasoning that respondents sufficiently disclosed their dual representation of borrower and lenders. The court further noted that appellant's "conduct in acknowledging the loan and paying off the loan, either through escrow or otherwise, indicates [appellant] was aware" of the dual agency. The trial court's order does not mention the dependent adult abuse claim or the claim for rescission.

*Standard of Review*

On review of a judgment entered after the trial court sustains a demurrer without leave to amend, we determine, de novo, whether the complaint states facts sufficient to constitute a cause of action. (*Doe No. 1 v. Uber Technologies, Inc.* (2022) 79 Cal.App.5th 410, 419; *Blank v. Kirwan* (1985) 39 Cal.3d 311,

---

[3] All further statutory references are to the Civil Code unless otherwise noted.

318.)  "The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory.  [Citation.]  We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice.  [Citation.]  But we do not assume the truth of contentions, deductions, or conclusions of law." (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069.)

Our "consideration of facts includes those evidentiary facts found in recitals of exhibits attached to a complaint. [Citation.]"  (*Satten v. Webb* (2002) 99 Cal.App.4th 365, 375.)  "If the allegations in the complaint conflict with the exhibits, we rely on and accept as true the contents of the exhibits. However, in doing so, if the exhibits are ambiguous and can be construed in the manner suggested by plaintiff, then we must accept the construction offered by plaintiff."  (*SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 83 (*SC Manufactured Homes*).)

We review for abuse of discretion the trial court's refusal to grant leave to amend.  In this context, the trial court abuses it discretion if there is a reasonable possibility appellant could cure the defect by amending the pleading to state a cause of action. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  Appellant has the burden of proving that an amendment would cure the defect.  (*Ibid.*)

### *Discussion*

The trial court sustained respondents' demurrer to the second amended complaint without leave to amend after concluding respondents sufficiently disclosed their "dual agency" in making the loan and that appellant acknowledged he was

6

aware of the dual agency by paying off the loan. Appellant contends the trial court erred because paying off the loan did not waive his claims against respondents. We agree. The trial court's reasoning was incorrect. Paying off the loan, by itself, did not waive claims appellant may have had against respondents. (See, e.g., *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457 [borrowers did not waive claims against lenders by paying inflated closing costs].)

But we are not bound by the trial court's reasoning. Our task is to independently determine whether the second amended complaint alleges facts sufficient to state a cause of action. (*Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 637–638 [order sustaining demurrer affirmed if correct on any theory, "'even one not mentioned by the court, and even if the court made its ruling for the wrong reason . . .'"].)

1. Abuse of Dependent Adult. Appellant's first cause of action for "Abuse of Dependent Adult," alleges that respondents relied on Roswitha's "physical and mental deficiencies" when they offered to make the $410,000 loan at a high interest rate with a high origination fee. He does not, however, allege that Roswitha was incompetent, as a result of her "deficiencies," to accept the loan and sign the deed of trust. When appellant defaulted, respondents served their notice of default on Roswitha in her capacity as trustee of the Trust, despite their knowledge that she had died 15 months earlier. Appellant alleges the notice itself was defective because it failed to specify the nature of the default and improperly accelerated the loan by demanding payment of the full balance. Although respondents postponed the foreclosure sale while the property was for sale,

7

they also demanded excessive interest, costs and fees to release their lien.

Respondents contend the complaint fails to state a cause of action for dependent adult abuse because the complaint does not allege facts establishing a "wrongful taking" of Roswitha's property. They further contend that the notice of default complied with section 2924 and the interest, costs and fees charged were not excessive. We agree.

Welfare & Institutions Code section 15610.30 provides that financial abuse of a dependent adult occurs when a person or entity takes "real or personal property" of the dependent adult "for a wrongful use or with intent to defraud, or both." (*Id*., subd. (a)(1).) To state a cause of action for abuse of a dependent adult, the plaintiff must allege facts demonstrating that the dependent person's property was taken through a "breach of the contract, or other improper conduct." (*Paslay v. State Farm General Ins. Co.* (2016) 248 Cal.App.4th 639, 657.) "'It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid . . . . [A] commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights.'" (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 528 (*Stebley*), quoting *Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 334-335.)

Here, the second amended complaint does not allege facts establishing a "wrongful taking" of Roswitha's property. It therefore fails to state a cause of action for abuse of a dependent adult. Appellant has not alleged that Roswitha was incompetent to agree to the loan, its interest rate or its origination fee.

Respondents' conduct in recording the notice of default cannot constitute a wrongful taking because appellant admits the loan was in default and a lender's assertion of its contract rights is not tortious. (*Stebley, supra,* 202 Cal.App.4th at p. 528.)

Appellant contends respondents engaged in abusive tactics when they recorded the notice of default because the notice does not specify the nature of the default and because it improperly demands payment of the full balance of the loan. We disagree. Section 2924 requires a notice of default to include, "A statement setting forth the nature of each breach actually known to the beneficiary and of the beneficiary's election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default." (*Id.*, subd. (a)(1)(C).) A notice of default complies with the statute if it contains a correct statement of at least one breach that is substantial enough to authorize the trustee to declare a default. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 99 (*Knapp*).)

Here, the notice of default identified the deed of trust at issue and stated, "a breach of and default in the obligations for which said deed of trust, as security has occurred in that payment has not been made of principal and interest accruing as of April 30, 2020, plus interest, plus late charges, plus real property taxes and assessments, plus attorney's fees and trustee's expenses and all advances to protect the security for the obligations secured thereby." The notice of default further informed appellant that he may have the "legal right to bring your account in good standing by paying all of your past due payments, plus permitted costs and expenses . . . . [¶] The amount is $433,703.35 as of April 30, 2020, and will increase

9

until your account becomes current." These statements comply with section 2924 as a matter of law because they describe a breach of the deed of trust. (*Knapp, supra,* 123 Cal.App.4th at p. 99.)

Appellant contends the notice of default was defective because it improperly demanded repayment of the entire balance of the loan. He is incorrect. The deed of trust provides, "Upon an Even of Default under this instrument Beneficiary (Lender) may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable . . . ." Respondents' assertion of their contractual rights is not abuse of a dependent adult. (*Stebley, supra,* 202 Cal.App.4th at p. 528.)

Appellant's final contention is that respondents engaged in abusive conduct when they demanded payment of "excessive" interest, fees and costs to release their lien. The complaint does not specify how these charges were "excessive." There are no factual allegations, for example, that respondents miscalculated the amounts due or demanded payments in excess of those permitted by the deed of trust.

Civil Code section 2924c, subdivisions (c) and (d) "'provide the maximum sums which may be claimed as expenses of foreclosing on the property. *But aside from the expenses of foreclosure, there are other costs, including legal fees, which may be incurred by a creditor in protecting the security. . . .*'" (*Caruso v. Great Western Savings* (1991) 229 Cal.App.3d 667, 676.) These costs and fees are not limited by section 2924c. (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 548.) The complaint does not allege that respondents demanded payment of costs in excess of those incurred to protect their security. It

10

therefore fails to state a cause of action relating to the collection of excessive interest, fees and other costs.

2. Breach of Fiduciary Duty. The complaint alleges that, in making the loan, setting the interest rate and charging an origination fee, respondents breached their fiduciary duties to Roswitha because they "did not place the economic interest of the borrower ahead of [their] economic interest." Appellant further alleges that respondents failed to explain the "negative" terms of the loan, including its "higher than normal interest rate," and pre-payment penalty. In addition, respondents tried to take advantage of Roswitha by foreclosing when there was a sale pending and by claiming excessive fees. Appellant alleges this conduct was a breach of the covenant of good faith and fair dealing, a breach of fiduciary duty and constructive fraud.

Respondents contend they did not breach any fiduciary duty to the Trust because they disclosed that they were acting as agents for both the Trust as borrower and themselves as lender. We agree.

"Common sense and ancient wisdom join the law in teaching that an agent is not permitted to simultaneously serve two principals whose interests conflict about the matter served – at least, not without full disclosure and consent from both." (*Brown v. FSR Brokerage, Inc.* (1998) 62 Cal.App.4th 766, 768-769 (*Brown*).) While the Civil Code codifies duties of disclosure for both residential and commercial real estate transactions, these statutory duties do not apply where, as here, the transaction at issue is a loan. (§§ 2079.13, subd. (k), 2079.14, 2079.16.)[4] A common law duty of disclosure exists, however,

[4] The Civil Code requires that a disclosure form as described in section 2079.16 must be provided to the buyer and

11

mandating that the agent obtain the consent of both principals after full disclosure of the dual agency. (*Brown, supra*, 62 Cal.App.4th at pp. 768-769; *L. Byron Culver & Associates v. Jaoudi Industrial & Trading Corp.* (1991) 1 Cal.App.4th 300, 304-305.)

In addition to the duty to disclose a dual agency arrangement, a mortgage loan broker has a fiduciary duty to act "'in the highest good faith toward his principal'" and to avoid obtaining "'any advantage over the principal . . . .'" (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 782.) This duty obligates brokers to "make a full and accurate disclosure of the terms of a loan to borrowers and to act always in the utmost good faith toward their principals." (*Ibid.*)

Respondents provided Roswitha with a "Plain English" disclosure document that identified the interest rate, payment terms and pre-payment penalty. They also provided an "Agency Disclosure" that identified the Trust as the "Borrower" and respondent Private Financial and IRA Services Trust Company as the Lender. Private Financial also identified itself as a real estate broker engaged by the Trust as the Trust's agent "to make or arrange a loan to be secured by real property owned or to be acquired by" the Trust. Paragraph 7 of the Agency Disclosure states that Private Financial "is acting as the agent and fiduciary of the borrower only for the proposed mortgage loan transaction." Paragraph 8 provides that Private Financial, "is acting as the agent and fiduciary of both the borrower and the lender only for the proposed mortgage loan transaction."

---

seller "in a real property transaction." (§ 2079.14, subd. (a).) The term real property transaction does not include a loan. (§ 2079.13, subd. (k).)

These documents disclosed to Roswitha the material terms of the loan and the fact that respondents were acting as mortgage brokers for both themselves, as lender, and the Trust, as borrower. Their content contradicts appellant's allegation that respondents breached their fiduciary duties by failing to disclose these facts. We conclude the complaint fails to state a cause of action for breach of fiduciary duty because the loan documents establish that the required disclosures were made. (See, e.g., *SC Manufactured Homes, supra,* 162 Cal.App.4th at p. 83 [where allegations in complaint conflict with exhibits, "we rely on and accept as true the contents of the exhibits"].)

Appellant contends the Agency Disclosure is ambiguous because it states Private Financial "is acting as the agent and fiduciary of the borrower only for the proposed mortgage loan transaction," and this phrase could mean that Private Financial was acting as the agent for the Trust to the exclusion of other parties. We disagree.

A demurrer admits not only the content of a contract attached to the complaint, "but also any pleaded meaning to which the instrument is reasonably susceptible." (*Aragon-Haas v. Family Security Ins. Services, Inc.* (1991) 231 Cal.App.3d 232, 239.) The question of whether the contract is "reasonably susceptible" to a proposed interpretation is "a question of law subject to our independent review on appeal." (*Joseph v. City of Atwater* (2022) 74 Cal.App.5th 974, 982.)

Reading the Agency Disclosure as a whole, we conclude it is not ambiguous and cannot reasonably be understood to mean that Private Financial represented the Trust to the exclusion of other parties. The Agency Disclosure identifies Private Financial both as an agent of the Trust and as

13

a lender. It then states that Private Financial is "acting as the agent and fiduciary of both the borrower and the lender . . . ." This adequately discloses respondents' dual agency in the transaction.

3. Rescission. Section 1689 provides that a contract may be rescinded, "If the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds . . . ." (*Id.*, subd. (b)(1).) Here, appellant alleges that he is entitled to rescind the loan agreement based on respondents' "fraud and misconduct," and their "blatant breach of fiduciary duty."

But the complaint fails to allege fraud with specificity and therefore fails to allege fraud as a basis for rescinding the loan agreement. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645; *Citizens of Humanity, LLC v. Costco Wholesale Corp.* (2009) 171 Cal.App.4th 1, 20, disapproved on other grounds, *Kwikset Corp. v. Superior Court* (2021) 51 Cal.4th 310, 337.) We have already concluded that the complaint also fails to allege a breach of fiduciary duty. Consequently the allegation that respondents breached their fiduciary duties cannot form the basis for rescinding the loan agreement.

4. Leave to Amend. Appellant contends the trial court erred when it denied him leave to amend the operative second amended complaint. We review the trial court's decision to deny leave to amend for abuse of discretion. This requires appellant to demonstrate there is a reasonable possibility the defect could be cured by amending the pleading. (*Schifando, supra,* 31 Cal.4th at p. 1081.) Appellant fails to meet this burden because he has not suggested how he would amend his complaint

14

to address the defects identified in the demurrer and "'how that amendment will change the legal effect of his pleading.'" (*Lebrun v. CBS Television Studios, Inc.* (2021) 68 Cal.App.5th 199, 207, quoting *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)

*Conclusion*

The judgment is affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

15

Timothy J. Staffel, Judge

Superior Court County of Santa Barbara

_____

Richard I. Wideman, for Plaintiff and Appellant.

Wright, Finlay & Zak and T. Robert Finlay, Olivier J. Labarre, for Defendants and Respondents.