Filed 1/24/22  Redwood Mortgage Investors VIII v. Gilerman CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| REDWOOD MORTGAGE INVESTORS VIII, <br><br> Plaintiff, Cross-defendant and Respondent, <br><br> v. <br><br> ERINA GILERMAN, <br><br> Defendant, Cross-complainant and Appellant. | B306199 <br><br> (Los Angeles County Super. Ct. No. 19STCV46014) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David J. Cowan, Judge.  Dismissed.

The Sands Law Group, Thomas D. Sands; Michael Yesk for Defendant, Cross-complainant and Appellant.

Law Office of Benjamin R. Levinson and Benjamin R. Levinson for Plaintiff, Cross-defendant and Respondent.

_____

Erina Gilerman appeals from the denial of a temporary restraining order (TRO) against a foreclosure sale of two properties securing her debt to respondent Redwood Mortgage Investors VIII (Redwood).  Gilerman concedes in her appellate briefing that the foreclosure sale took place two days after the trial court denied her TRO.  This appeal therefore is moot and we dismiss it.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Redwood lent Gilerman $3 million in return for a promissory note secured by two deeds of trust against properties owned by Gilerman.  On December 20, 2019, Redwood filed a complaint for judicial foreclosure of the deeds, alleging default by Gilerman.  Gilerman cross-complained on February 10, 2020, alleging wrongdoing by Redwood related to the refinancing of the loan.

Also in February 2020, Redwood served Gilerman notice of a nonjudicial foreclosure sale of the properties to take place on March 24, 2020.  The sale was postponed several times at Redwood's request, and ultimately was set for June 4, 2020.

On May 29, 2020, Gilerman filed an ex parte application for a TRO blocking the upcoming June 4 foreclosure sale, and also requested an order to show cause regarding a preliminary injunction against the sale.  Gilerman argued the sale was in violation of several orders issued in response to the COVID-19 pandemic, including the Judicial Council's suspension of judicial foreclosure proceedings, the Governor's order limiting foreclosures, the Los Angeles County Department of Public Health's order prohibiting gatherings of certain sizes, and the Governor's stay-at-home order.  Gilerman further contended

2

Redwood had not provided proper notice of the sale pursuant to Civil Code section 2924g, subdivision (d).

Redwood filed a written opposition to Gilerman's ex parte application, and both parties appeared telephonically for argument before the trial court.

After hearing argument and taking the matter under submission, the trial court issued a written order on June 2, 2020, denying the TRO and the request for an order to show cause regarding a preliminary injunction. The court ruled the various pandemic-related orders were inapplicable to the particular nonjudicial foreclosure sale at issue. The court also found that Redwood had provided adequate notice of the sale both to Gilerman and to the general public.

In addition to the above findings that Gilerman was unlikely to prevail on the merits, the trial court found Gilerman was not likely to suffer hardship should the sale go forward. The court found no evidence that Gilerman would lose equity in the properties by virtue of the sale. Also, "though the properties to be foreclosed upon are residential, there is no evidence that Gilerman has any personal attachment to these, or that she resides there, to suggest damages would be an inadequate remedy were wrongful action ultimately determined here. In fact, the evidence was that Gilerman's interest in these properties was for investment purposes."

Gilerman filed a notice of appeal from the trial court's denial that same day.

Although not in the appellate record, in her appellate briefing, Gilerman represents that after her TRO was denied, "the properties were purchased at the nonjudicial foreclosure proceeding by way of a credit bid" on June 4, 2020, with Redwood,

the foreclosing lender, as the buyer.  Redwood similarly represents in its respondent's brief that "[t]he two nonjudicial foreclosures of the two properties were completed . . . ."

Gilerman filed a complaint on June 5, 2020, seeking to set aside the sale.[1]  Gilerman also sought a second TRO on June 8, 2020, preventing Redwood and others from executing trustee's deeds and taking physical possession of the properties following the foreclosure sale.  In opposition to the second TRO request, a general partner of Redwood submitted a declaration stating the trustee's deeds had already been recorded as of June 8, 2020.  The trial court denied the second TRO request as moot. Gilerman challenged the denial of the second TRO with a petition for a writ of mandate filed June 10, 2020, which we summarily denied on June 30, 2020.

## DISCUSSION

Redwood argues this appeal is moot given Gilerman's concession in her appellate briefing that the foreclosure sale she sought to enjoin has now taken place.  We agree.

"An appeal from an order denying a temporary restraining order or preliminary injunction will not be entertained after the act sought to be enjoined has been performed.  [Citation.]  'An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief.  [Citation.]'  [Citation.]"  (*Ragland*

---

[1]  The information in this paragraph comes from the record in *Gilerman v. Superior Court*, case No. B306246, a writ proceeding initiated by Gilerman.  We took judicial notice of that record on our own motion in a separate order.

4

*v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 208 (*Ragland*).)

In *Ragland*, the trial court denied a preliminary injunction against a foreclosure sale of a home, and the sale was conducted the next day. (*Ragland*, *supra*, 209 Cal.App.4th at pp. 190–191.) Although the homeowner did not properly file a notice of appeal from the order denying the injunction, the appellate court noted that had she done so, "the sale of her home at foreclosure would have rendered the appeal moot." (*Id.* at p. 208.)

We may construe Gilerman's concession in her appellate briefing that the foreclosure sale took place as an admission. (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1186, fn. 4.) Similarly, the record in case No. B306246 of which we have taken judicial notice indicates the sale took place—indeed, Gilerman filed a complaint seeking to set aside that sale. Thus, under the reasoning of *Ragland*, this appeal is moot.

Gilerman claims, without citation to supporting evidence, that her appeal is not moot because she "maintains possession of the Properties" and "title to the Subject Properties is still in the hands of [Redwood]." Gilerman contends we therefore may simply undo the sale and "restore the status quo of the parties" as of June 2, 2020. She cites case law purportedly establishing that a party may challenge a foreclosure sale after the fact. (See *Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24; *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.* (2001) 85 Cal.App.4th 1279; *Wellborn v. Wellborn* (1945) 67 Cal.App.2d 540.)

None of Gilerman's cited cases involved an appeal from the denial of a TRO or preliminary injunction blocking a foreclosure sale, and therefore none stands for the proposition that an

appellate court may revive a moot TRO by voiding the sale the TRO was intended to prevent. Undoing a completed foreclosure sale a year and a half after it took place is a much taller order than temporarily halting a sale before it has gone forward. Restoring the status quo of June 2, 2020, as Gilerman suggests we do, could require voiding deeds, restoring possession, and other acts far in excess of what Gilerman sought in her original TRO application. We of course may not grant greater relief than was requested of the trial court.

Even assuming arguendo we had the power to restore the status quo, we are in no position to do so given that we do not have before us a full record of what has transpired in the year and a half since the sale took place, including who currently has possession of or title to the properties. These are issues the trial court may address in adjudicating Gilerman's later filed complaint seeking to set aside the sale, a matter on which we express no opinion.

Gilerman argues that the cases upon which *Ragland* relied concerned "attempts at stopping elections" rather than foreclosure sales. To the extent Gilerman is suggesting *Ragland* therefore was wrongly decided, we disagree. The general principle that "[a]n appeal from an order denying a temporary restraining order or preliminary injunction will not be entertained after the act sought to be enjoined has been performed" (*Ragland, supra,* 209 Cal.App.4th at p. 208), is broad enough to encapsulate elections and foreclosure sales. Gilerman offers no rationale for treating elections and foreclosure sales differently for purposes of mootness analysis.

Gilerman asks us to decide whether the foreclosure sale is void for reasons arising after the trial court issued the order that

6

is the subject of this appeal.  Those arguments are not properly before us and we express no opinion on them.

## DISPOSITION

The appeal is dismissed as moot.  Redwood Mortgage Investors VIII is awarded its costs on appeal.
<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.

CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.